**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

IN RE:  APPERSON CRUMP, PLC                CHAPTER 11 CASE NO. 25-11660

**DEBTOR(S)**

**AGREED INTERIM ORDER AUTHORIZING THE USE OF CASH**
**COLLATERAL PURSUANT TO 11 U.S.C. §363**

THIS MATTER came on before the Court on the Debtor's Motion for an interim order to authorize the Debtor to use cash collateral and providing adequate protection [Docket # _]. At the hearing, counsel for the Debtor and Advocate Capital, Inc. ("Advocate") announced that an

agreement had been reached for the Debtor to use Advocate's cash collateral, on an interim basis. It appearing to the Court, based on the signatures below of counsel for the Debtor and Advocate, the Court hereby makes the following preliminary findings of fact:

1. Advocate holds a validly perfected security interest in all Debtor's accounts, general intangibles, payment intangibles (as those terms are defined in the Uniform Commercial Code as adopted in Tennessee (the "UCC") and all similar rights that Debtor may have of every nature and kind, including specifically and without limitation all of Debtor's rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, including cash collateral, as that term is defined in Section 363(a) of the Bankruptcy Code (the "Cash Collateral").

2. Advocate has agreed to allow the Debtor to use, and the Debtor is authorized to use, Cash Collateral, including the funds in the Debtor's bank accounts and revenue from attorney fees generated post-petition, from and after the Petition Date through January 8, 2026 (the "Specified Interim Period"), in accordance with the budget attached hereto as Exhibit A ("Budget"). The Debtor may spend up to 105% of the total amounts of expenditures set forth in the Budget during the Specified Interim Period.

3. To secure the aggregate amount of all Cash Collateral used by the Debtor, whether pursuant to this Interim Order or otherwise, and to secure any diminution in the value of the Advocate's interest in its collateral, Advocate is hereby granted, without need of further act or documentation, a first priority replacement lien and security interest under Sections 361(2) and 363(e) of the Bankruptcy Code, on all assets of the Debtor, including, without limitation, all accounts, rights to payment and general intangibles as those terms are defined in the UCC) acquired or created by the estate or the Debtor after the Petition Date and all

4923-7732-4928.2

proceeds thereof.

4. To the extent the liens and security interests granted this Interim Order prove insufficient to secure any diminution in value of the Advocate's interest in its collateral, whether resulting from the Debtor's use of Cash Collateral or otherwise, Advocate is hereby granted an administrative priority claim pursuant to Section 507(b) of the Bankruptcy Code to secure any such diminution in value. Any such Section 507(b) claim of the Advocate shall be equivalent in priority to a claim under Section 364(c)(1) of the Bankruptcy Code and shall have priority over all other costs and expenses in this or any subsequent proceedings under the Bankruptcy Code, including but not limited to any conversion of these proceedings under Section 1112 of the Bankruptcy Code, except for U.S. Trustee Quarterly Fees.

5. The security interests and liens of the Advocate referenced herein shall be deemed created and perfected without the necessity of the execution, filing or recording of any documents otherwise required under bankruptcy or non-bankruptcy law for the creation or perfection of security interests and liens. Notwithstanding the foregoing, the Debtor shall, upon request of the Advocate, execute and deliver such documents as may be requested by the Advocate to create and/or perfect the security interests and liens described herein under applicable non-bankruptcy law and the Advocate shall be authorized to file and record such documents thereto and take such other actions as may be necessary to perfect such security interests and liens under all such laws and to correctly describe the collateral subject hereto.

6. This Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim Order. The rights of all parties in interest to object to the terms of the Final Order at the Final hearing are expressly

4923-7732-4928.2

reserved.

7. The Debtor is hereby authorized and directed to perform all acts, take any action, and execute and comply with the terms of such other documents, instruments and agreements as may be reasonably required to effectuate the terms and conditions of this Interim Order.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

9. All objections to the Debtor's motion to the extent not withdrawn or resolved are hereby overruled on an interim basis. The Final Hearing to consider entry of the Final Order is scheduled for January 8, 2025, at 9:30 a.m. central time at the United States Bankruptcy Court, Western District, Eastern Division.

10. On or before December 19, 2025, the Debtor shall serve by United States mail, first class postage prepaid, notice of the entry of this Interim Order and the notice of the Final Hearing to all parties on the matrix.

11. Notwithstanding the terms of this Interim Order, the Court is not precluded from entering a final order containing provisions that are inconsistent with or contrary to the terms in the Interim Order. Further, the entry of this Interim Order shall not preclude the rights of any creditor or the Debtor with respect to relief sought at the final hearing.

APPROVED FOR ENTRY:

/s/ C. Jerome Teel, Jr.
C. Jerome Teel, Jr. BPR 016310 Attorney for the Debtor
79 Stonebridge Blvd, Suite B Jackson, TN 38305
731-424-3315
731-424-3501 (fax)
bankruptcy@tennesseefirm.com

4923-7732-4928.2

/s/ Roger G. Jones
Roger G. Jones BPR 011550
Attorney for Advocate Capital, Inc.
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
615-252-2323
Rjones@Bradley.com

4923-7732-4928.2