UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

FEB 13 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

In re:

**APPERSON CRUMP, PLC,**

Debtor.

Case No. 25-11660
Chapter 11
Hon. Jimmy L. Croom

# CREDITOR RANDEL EDWARD PAGE, JR.'S RESPONSE
# IN SUPPORT OF UNITED STATES TRUSTEE'S
# MOTION TO DISMISS OR CONVERT CASE
# AND REQUEST FOR TRUSTEE INVESTIGATION

COMES NOW Randel Edward Page, Jr. ("Creditor"), proceeding pro se, a creditor in the above-captioned bankruptcy case, and hereby files this Response in Support of the United States Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b) (ECF No. 53), and respectfully states as follows:

## I. INTRODUCTION

1. Creditor filed Proof of Claim No. 4-2 on January 8, 2026, asserting a claim against Debtor in the amount of Nine Hundred Million Dollars ($900,000,000) based on fraud, civil rights violations, conspiracy, theft of property, and willful and malicious injury.

2. The 30-day objection period for Proof of Claim No. 4-2 expired on February 7, 2026, without any objection being filed by any party. Accordingly, Creditor's claim is deemed allowed under Federal Rule of Bankruptcy Procedure 3001(f).

3. On January 12, 2026, Creditor sent a letter to United States Trustee Carrie Ann Rohrscheib requesting a meeting to present evidence of Debtor's fraudulent conduct and requesting that the Trustee investigate Debtor's participation in a criminal conspiracy to defraud federal Medicare programs and cover up the theft of Creditor's intellectual property.

4. On January 20, 2026 — eight days after receiving Creditor's letter — the United States Trustee filed the instant Motion to Dismiss or Convert Case (ECF No. 53), citing four independent grounds constituting "cause" under 11 U.S.C. § 1112(b).

5. Creditor hereby supports the United States Trustee's Motion and requests that this Court convert this case to Chapter 7 rather than dismiss it, as conversion to Chapter 7 will

enable a trustee to investigate Debtor's fraudulent conduct, pursue estate causes of action, and maximize recovery for creditors.

## II. STATEMENT OF FACTS

### A. Creditor's Deemed-Allowed $900 Million Claim

6. Creditor's $900 million claim arises from Debtor's submission of a fraudulent billing statement to Creditor dated June 7, 2021, for legal services that were either not performed, performed in furtherance of a criminal conspiracy, or manufactured entirely to create false debt against Creditor.
7. The fraudulent billing statement is attached as Exhibit A to Creditor's Affidavit in Support of Proof of Claim No. 4-2, executed January 22, 2026, and served on the United States Trustee.
8. Debtor's fraudulent billing was part of a broader RICO enterprise involving Evans Petree PC, Butler Snow LLP, and Debtor, all of whom conspired to steal Creditor's $900 million in intellectual property (Monorail healthcare analytics technology) and use it to defraud federal MIPS and BPCI Advanced Medicare programs.
9. The purpose of the fraudulent billing statement was to convert Creditor from a creditor to a debtor, enabling the conspirators to make claims against federal programs using Creditor's stolen intellectual property.
10. Creditor thwarted this scheme by representing his entity pro se in this bankruptcy proceeding and establishing himself as a creditor rather than a debtor.

### B. Advocate Capital's Abandonment of All Collateral

11. On February 10, 2026, this Court entered an Order Granting Motion for Relief from Stay and Abandonment (ECF Doc 65), whereby Advocate Capital, Inc. abandoned ALL collateral under 11 U.S.C. § 554.
12. The abandoned collateral included "all accounts, instruments, chattel paper, general intangibles, payment intangibles ... all of Borrower's rights to receive payment or otherwise, for legal and other services rendered and to be rendered ... and all other rights and interest that Borrower may have in and with respect to each and every Client Matter."
13. In plain language, Advocate Capital abandoned the entire value of Debtor's law practice, including all client matter receivables, removing itself as a secured creditor and returning all such assets to the bankruptcy estate.
14. The timing of this abandonment — immediately after Creditor's $900 million claim became deemed allowed — strongly suggests Advocate Capital recognized the collateral was tainted by fraud or that the estate had become too compromised to justify continued involvement.

### C. Debtor's Inability to Obtain Malpractice Insurance

15. Paragraph 8 of the United States Trustee's Motion states that Debtor "has informed the U.S. Trustee that it has been unable to obtain malpractice insurance."
16. A law firm's inability to obtain malpractice insurance is an extraordinary circumstance that strongly suggests insurance carriers have investigated and discovered fraudulent or uninsurable conduct.
17. Creditor submits that Debtor's inability to obtain insurance is directly related to the fraudulent conduct documented in Creditor's Proof of Claim and the evidence submitted to the United States Trustee on January 12, 2026.

## III. ARGUMENT

### A. Conversion to Chapter 7 Is in the Best Interests of Creditors and the Estate

18. Under 11 U.S.C. § 1112(b), when cause exists for dismissal or conversion, the Court must determine "whichever is in the best interests of creditors and the estate."
19. Conversion to Chapter 7 is superior to dismissal for the following reasons:

- A Chapter 7 trustee has a statutory duty to investigate the financial affairs of the debtor under 11 U.S.C. § 704(a)(4);
- A Chapter 7 trustee can pursue fraudulent transfers, estate causes of action, and claims against third parties who participated in misconduct;
- The fraudulent billing statement and the broader conspiracy documented by Creditor present substantial estate causes of action that could benefit all creditors;
- With Advocate Capital having abandoned all collateral, the estate now contains unencumbered receivables that a Chapter 7 trustee can collect and distribute;
- Dismissal would leave creditors without recourse and would allow Debtor's fraudulent conduct to go uninvestigated.

### B. The United States Trustee's Four Grounds for Cause Are Well-Founded

20. Creditor agrees with and supports each of the four grounds for cause identified by the United States Trustee in ECF No. 53:

21. Failure to File Monthly Operating Reports (¶5 of Motion): Without operating reports, creditors cannot monitor Debtor's post-petition operations or determine whether post-petition obligations are being met. This failure constitutes cause under § 1112(b)(4)(F).
22. Inability to Obtain Malpractice Insurance (¶8 of Motion): As a law firm, Debtor's inability to obtain malpractice insurance poses unacceptable risk to the estate and constitutes cause under § 1112(b)(4)(C). Creditor submits that this inability likely stems from insurance carriers discovering the fraudulent conduct documented in Creditor's filings.
23. No Ongoing Operations / Negative Cash Flow (¶9 of Motion): Debtor has stopped accepting clients, is winding down operations, cannot collect on receivables (which were secured by Advocate Capital and have now been abandoned), has no income, and

continues to accrue administrative expenses. This negative cash flow and absence of operations constitutes cause under § 1112(b)(4)(A).

24. **No Likelihood of Reorganization (¶¶9-10 of Motion):** Without income, insurance, or ongoing operations, there is no reasonable likelihood of rehabilitation. Debtor is using Chapter 11 to prolong control with no benefit to creditors, which constitutes cause for conversion.

### C. A Chapter 7 Trustee Should Investigate Debtor's Fraudulent Conduct

25. Creditor respectfully requests that upon conversion to Chapter 7, this Court direct the Chapter 7 trustee to investigate the following matters:

- **The fraudulent billing statement dated June 7, 2021, attached as Exhibit A to Creditor's Affidavit in Support of Proof of Claim No. 4-2;**
- **Debtor's participation in a conspiracy with Evans Petree PC and Butler Snow LLP to steal Creditor's $900 million in intellectual property;**
- **Debtor's use of stolen intellectual property to generate fraudulent claims against federal MIPS and BPCI Advanced Medicare programs;**
- Potential fraudulent transfers or preferential payments made by Debtor;
- **Estate causes of action against co-conspirators including Evans Petree PC, Butler Snow LLP, and others;**
- The reasons Debtor has been unable to obtain malpractice insurance, including communications with insurance carriers regarding coverage denials.

### D. Creditor Has Provided Extensive Evidence to the United States Trustee

26. On January 12, 2026, Creditor sent a detailed letter to United States Trustee Carrie Ann Rohrscheib requesting a meeting and providing extensive documentation of Debtor's fraudulent conduct.
27. Creditor's Affidavit in Support of Proof of Claim No. 4-2, executed January 22, 2026, contains 74 numbered paragraphs and 17 sections of evidence, including:

- Exhibit A: Fraudulent billing statement from Debtor dated June 7, 2021;
- Evidence of conspiracy involving multiple law firms;
- Evidence of Medicare fraud involving federal programs;
- Correspondence with the FBI and Department of Justice;
- Federal Tort Claims Act claim documentation.

28. Creditor has also provided the FBI a comprehensive evidence directory documenting the criminal enterprise of which Debtor is a member.
29. All of this evidence is available to the Chapter 7 trustee and demonstrates substantial estate causes of action that could benefit all creditors.

## IV. PRAYER FOR RELIEF

WHEREFORE, Creditor Randel Edward Page, Jr. respectfully requests that this Court:

- **GRANT the United States Trustee's Motion to Dismiss or Convert Case (ECF No. 53);**
- **CONVERT this case to Chapter 7 pursuant to 11 U.S.C. § 1112(b), as conversion is in the best interests of creditors and the estate;**
- **DIRECT the Chapter 7 trustee to investigate Debtor's fraudulent billing statement, participation in criminal conspiracy, and potential estate causes of action against co-conspirators;**
- DIRECT the Chapter 7 trustee to review the evidence provided by Creditor to the United States Trustee and in Creditor's Affidavit in Support of Proof of Claim No. 4-2;
- Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Randel E. Page_
**Randel Edward Page, Jr., Pro Se**
Creditor
3504 Milford Cove
Collierville, Tennessee 38017
Telephone: (901) 351-6060
Email: randelpage@gmail.com

Dated: February 13th, 2026