UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

FEB 2 5 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

In re:

APPERSON CRUMP, PLC,

          Debtor.

Case No. 25-11660-JLC
Chapter 11
Hon. Jimmy L. Croom

**RANDEL EDWARD PAGE, JR.'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND FOR WAIVER OF FILING FEES**

COMES NOW Randel Edward Page, Jr. ("Appellant"), proceeding pro se, a creditor in the above-captioned bankruptcy case, and hereby moves this Court for leave to proceed in forma pauperis on appeal to the United States Court of Appeals for the Sixth Circuit, and for waiver of the filing fees associated with this appeal, and in support thereof states as follows:

## I. INTRODUCTION

1. Appellant seeks to appeal the Order Dismissing Case entered by this Court on February 17, 2026.
2. Appellant is unable to pay the filing fees required for this appeal without substantial hardship to Appellant and Appellant's family.
3. Appellant believes in good faith that the appeal has merit and is not taken for purposes of delay.
4. Pursuant to 28 U.S.C. § 1915(a) and Federal Rule of Bankruptcy Procedure 8014, Appellant requests leave to proceed in forma pauperis on appeal.

## II. LEGAL STANDARD

5. Title 28 U.S.C. § 1915(a)(1) provides:
    "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

6. Federal Rule of Bankruptcy Procedure 8014 provides:
    "(a) Motion in the Bankruptcy Court. A party to a judgment, order, or decree of a bankruptcy court may appeal without prepaying the filing fee required by 28 U.S.C. § 1930(c) by filing in the bankruptcy court a motion for leave to appeal in forma pauperis and an affidavit stating the party's inability to pay the fee."

7. To proceed in forma pauperis, an appellant must demonstrate:
    (a) Financial inability to pay the filing fees; and
    (b) That the appeal is taken in good faith.

8. "Good faith" requires only that the appeal present a non-frivolous legal or factual issue. See Celotex Corp. v. Edwards, 514 U.S. 300 (1995).

## III. APPELLANT'S FINANCIAL CIRCUMSTANCES

9. Appellant submits the attached Affidavit in Support of Motion to Proceed In Forma Pauperis, which details Appellant's current financial circumstances.

10. As set forth in the affidavit:

   (a) Appellant's monthly income is: $ 0 / layoff due to restructuring

   (b) Appellant submitted an indigency affidavit regarding this matter and filed a petition in the Shelby County Chancery Court for an injunction against the fraud on the court being perpetrated in the Tennessee State and Federal Courts to cover up the theft of his property. Case No. CH-24-1646 – RANDEL EDWARD PAGE JR. VS UNITED STATES OF AMERICA, ET AL.

11. Appellant does not have the financial resources to pay the approximately $300 filing fee required for this appeal without substantial hardship.

12. The filing fee would impose a significant financial burden on Appellant and Appellant's ability to meet basic living expenses.

## IV. THE APPEAL IS TAKEN IN GOOD FAITH

13. Appellant's appeal is taken in good faith and presents substantial, non-frivolous legal and factual issues.

14. The appeal challenges the bankruptcy court's Order Dismissing Case on multiple grounds that present serious questions of law and fact.

A. SUBSTANTIAL ISSUE #1: CLEAR ERROR IN FINDING "INSUFFICIENT ASSETS"

15. The bankruptcy court found "insufficient assets available for distribution to creditors in a chapter 7."

16. This finding is contradicted by the record:

   (a) Advocate Capital, Inc. abandoned ALL collateral to the bankruptcy estate on February 10, 2026, just seven days before dismissal (Doc. 65), including all client matters, accounts receivable, payment intangibles, and rights to receive payment for legal services—collateral that represented substantially all of Debtor's assets;

   (b) Appellant's Proof of Claim No. 4-2 in the amount of $900,000,000 was deemed allowed on February 7, 2026, creating substantial estate causes of action against co-conspirators;

   (c) Appellant documented estate causes of action against Evans Petree PC, Butler Snow LLP, and other solvent third parties worth tens or hundreds of millions of dollars.

17. Whether a court's factual finding is clearly erroneous when contradicted by record evidence presents a substantial, non-frivolous issue for appellate review.

B. SUBSTANTIAL ISSUE #2: ABUSE OF DISCRETION IN CHOOSING DISMISSAL OVER CONVERSION

18. 11 U.S.C. § 1112(b) requires the bankruptcy court to "convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate."

19. Appellant filed a Response in Support of United States Trustee's Motion to Dismiss or Convert on February 13, 2026 (ECF No. 68), explicitly requesting conversion to Chapter 7 rather than dismissal.

20. Appellant documented substantial reasons why conversion would serve the best interests of creditors:
    - Enable Chapter 7 trustee to investigate fraudulent conduct
    - Collect substantial abandoned receivables and client matters
    - Pursue estate causes of action
    - Coordinate with FBI criminal investigation
    - Maximize recovery for all creditors

21. The court dismissed the case four days after Appellant filed this Response, without addressing Appellant's arguments or explaining why dismissal (rather than conversion) served the best interests of creditors.

22. Whether a bankruptcy court abuses its discretion in dismissing a case rather than converting it when a major creditor specifically requests conversion with supporting evidence presents a substantial, non-frivolous issue.

C. SUBSTANTIAL ISSUE #3: DUE PROCESS VIOLATION

23. Appellant is a creditor holding a deemed-allowed claim of $900,000,000.

24. The dismissal extinguishes Appellant's bankruptcy remedies under 11 U.S.C. § 349(b).

25. Appellant filed a detailed Response requesting conversion and presenting evidence.

26. The court dismissed the case without:
    - Holding a hearing at which Appellant could present evidence
    - Considering Appellant's arguments for conversion
    - Providing any explanation for dismissal rather than conversion
    - Giving Appellant meaningful opportunity to be heard

27. Whether a bankruptcy court violates a creditor's due process rights by dismissing a case without notice and hearing when the creditor holds a substantial claim and has specifically requested an alternative disposition presents a substantial constitutional issue.

D. SUBSTANTIAL ISSUE #4: SUSPICIOUS TIMING SUGGESTING IMPROPER MOTIVE

28. The timing of the dismissal raises serious questions:
    - February 5th, 2026 Appellant notified court of the FBI being having possession of evidence of a RICO enterprise involving the debtor
    - February 13, 2026: Appellant filed Response requesting conversion to Chapter 7 and trustee investigation
    - February 17, 2026: Court dismissed case (four days after Appellant's Response, seven days after FBI referrals)
    - February 2026: Debtor immediately ceased operations following dismissal

29. Whether dismissal was procured through coordination to obstruct federal criminal investigation presents a substantial issue.

E. SUBSTANTIAL ISSUE #5: FRAUD ON THE COURT

30. Federal Rule of Civil Procedure 60(d)(3) provides that a court's inherent power to set aside a judgment for fraud on the court is not limited.

31. The dismissal was obtained through:
    - Pretextual finding of "insufficient assets" contradicted by record

- Failure to disclose Appellant's evidence to the court
- Suspicious timing suggesting bad faith
- Ignoring creditor's specific request for conversion

32. Whether the dismissal constitutes fraud on the court presents a substantial, non-frivolous issue.

## V. THE APPEAL IS NOT TAKEN FOR PURPOSES OF DELAY

33. Appellant is not appealing for purposes of delay.

34. Appellant seeks meaningful relief: conversion of the case to Chapter 7 so that a trustee can investigate the debtor's fraudulent conduct, collect estate assets, and pursue causes of action for the benefit of all creditors.

35. Appellant has a $900,000,000 deemed-allowed claim that was extinguished by the dismissal.

36. Appellant has a substantial interest in having the case converted to Chapter 7 rather than dismissed.

37. Other creditors (holding approximately $533,000 in claims) would also benefit from conversion and trustee administration.

38. The appeal serves legitimate interests and is not dilatory.

## VI. PUBLIC INTEREST SUPPORTS GRANTING IN FORMA PAUPERIS STATUS

39. This appeal presents issues of public importance:
    (a) Whether bankruptcy courts must hold hearings before dismissing cases when major creditors request conversion;

    (b) Whether the "best interests of creditors" standard under § 1112(b) requires consideration of creditor input;

    (c) Whether dismissals can be used to obstruct federal criminal investigations;

    (d) Whether courts must explain their reasoning when choosing dismissal over conversion despite creditor requests for conversion.

40. Appellant's claim as arising from "conspiracy against civil rights and fraud on the court."

41. Appellant submitted a comprehensive criminal referral to the Federal Bureau of Investigation regarding this appeal.

42. The issues presented affect not only Appellant but all creditors in bankruptcy cases and the integrity of the bankruptcy system.

43. Access to the appellate courts should not be denied based on inability to pay filing fees when substantial legal issues are presented.

## VII. ALTERNATIVE REQUEST: INSTALLMENT PAYMENTS

44. In the alternative, if the Court is not inclined to grant full in forma pauperis status, Appellant requests leave to pay the filing fee in installments over time.

45. This would allow the appeal to proceed while not imposing undue financial hardship on Appellant.

## VIII. CONCLUSION

46. Appellant has demonstrated:
    (a) Financial inability to pay the filing fees without substantial hardship; and
    (b) That the appeal is taken in good faith and presents substantial, non-frivolous legal issues.

47. Both requirements for in forma pauperis status are satisfied.

48. The Court should grant Appellant's motion and allow the appeal to proceed without prepayment of filing fees.
WHEREFORE, Appellant Randel Edward Page, Jr. respectfully requests that this Court:

A. GRANT this Motion to Proceed In Forma Pauperis;
B. WAIVE the filing fees for this appeal;
C. ALLOW Appellant to proceed with the appeal to the United States Court of Appeals for the Sixth Circuit without prepayment of costs;
D. In the alternative, ALLOW Appellant to pay the filing fee in installments; and
E. Grant such other and further relief as the Court deems just and equitable.

Dated: February 25th, 2026
Respectfully submitted,

_____
Randel Edward Page, Jr., Pro Se
Appellant/Creditor
3504 Milford Cove
Collierville, Tennessee 38017
Telephone: (901) 351-6060
Email: randelpage@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on February 25th, 2026, a true and correct copy of the foregoing Motion to Proceed In Forma Pauperis was served via [first class mail / email] on the following parties:

United States Trustee
Carrie Ann Rohrscheib
Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103-2374
Email: carrie.a.rohrscheib@usdoj.gov

_____
Randel Edward Page, Jr., Pro Se

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RANDEL EDWARD PAGE JR.

v.

APPERSON CRUMP PLC ET AL

Case No: 25-11660-JLC

MOTION FOR PAUPER STATUS

I move to waive the payment of the appellate filing fee under Fed. R. App. P. 24 because I am a pauper. This motion is supported by the attached financial affidavit.

The issues which I wish to raise on appeal are:

See attachment.

Signed: _____   Date: February 25th, 2026

Address: 3504 Milford Cove

Collierville, TN 38017

FORM 4.      AFFIDAVIT ACCOMPANYING MOTION FOR
PERMISSION TO APPEAL IN FORMA PAUPERIS

United States Court of Appeals
for the Sixth Circuit

| RANDEL EDWARD PAGE JR. |
|---|

v.

| APPERSON CRUMP PLC ET AL |
|---|

Case No: 25-11660-JLC

## Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. §§ 1746; 18 U.S.C. §§ 1621.)

Signed: /s/ Randel E Page Jr

## Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: February 25th, 2026

My issues on appeal are:

> See attachment.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | | | |
| Self-employment | $ 0.00 | | | |
| Income from real property (such as rental income) | $ 0.00 | | | |
| Interest and dividends | $ 0.00 | | | |
| Gifts | $ 0.00 | | | |
| Alimony | $ 0.00 | | | |
| Child support | $ 0.00 | | | |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0.00 | | | |
| Disability (such as social security, insurance payments) | $ 0.00 | | | |
| Unemployment payments | $ 0.00 | | | |
| Public-assistance (such as welfare) | $ 0.00 | | | |
| Other (specify): | $ 0.00 | | | |
| Total monthly income: | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Galler Foods Inc. | 4280 Concorde Rd, Memphis, TN 38118 | 2022 - 2026 | $ 0.00 |
| | | | |
| | | | |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. How much cash do you and your spouse have? $ __0.00__

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| First Horizon | Checking | $ 500.00 | |
| | | | |
| | | | |
| | | | |

If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| | | Make & year: xc 70 2010 |
| | | Model: Volvo |
| | | Registration #: 17901335829 |

| Motor Vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: | | |
| Model: | | |
| Registration #: | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| UNITED STATES ET AL | $900 Million | — |
|  |  |  |
|  |  |  |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) | $ 0.00 | |
| Are real estate taxes included? ☐Yes ☐No  Is property insurance included? ☐Yes ☐No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 380.00 | |
| Home maintenance (repairs and upkeep) | $ 0.00 | |
| Food | 1,000.00 | |
| Clothing | $ 0.00 | |
| Laundry and dry-cleaning | $ 0.00 | |
| Medical and dental expenses | $ 0.00 | |
| Transportation (not including motor vehicle expenses) | $ 250.00 | |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0.00 | |
| Insurance (not deduced from wages or included in mortgage payments)  Homeowner's or renter's | $ 0.00 | |
| Life | $ 0.00 | |
| Health | $ 0.00 | |
| Motor vehicle | $ 163.00 | |
| Other: | $ 0.00 | |
| Taxes (not deducted from wages or included in mortgage payments) specify: | $ 0.00 | |
| Installment payments | $ 0.00 | |
| Motor Vehicle | $ 0.00 | |
| Credit card (name): | $ 0.00 | |
| Department store (name): | $ 0.00 | |
| Other: | $ 0.00 | |
| Alimony, maintenance, and support paid to others | $ 0.00 | |
| Regular expenses for operation of business, profession, or farm (attach detail) | $ 0.00 | |
| Other (specify): | $ 0.00 | |
| Total monthly expenses: | $ 1,793 | $ 0.00 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

[✓] Yes   [ ] No   If yes, describe on an attached sheet.

10. Have you spent or will you be spending any money for expenses or attorney fees in connection with this lawsuit?

[ ] Yes   [✓] No   If yes, how much? $

11. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

```
Victim of civil rights violations and racketeering schemes to steal my
property.
```

12. State the address of your legal residence.

```
3504 Milford Cove, Collierville TN 38017
```

Your daytime phone number: ( 901 ) 351-6060

Your age: 54        Your years of schooling: 16

My issues on appeal are:

1. Whether the Bankruptcy Court committed fraud on the court and/or abused its discretion by failing to investigate or address documented fraudulent conduct by Debtor Apperson Crump PLC, including submission of a fraudulent billing statement (Exhibit A to Proof of Claim No. 4-2), participation in a criminal conspiracy to steal Creditor's intellectual property, and Medicare fraud against federal MIPS and BPCI Advanced programs, in violation of Creditor's due process rights under the Fifth Amendment to the United States Constitution.

2. Whether Creditor's Proof of Claim No. 4-2, filed January 8, 2026, in the amount of $900,000,000 — which became deemed allowed by operation of law under Federal Rule of Bankruptcy Procedure 3001(f) on February 7, 2026, after no party filed a timely objection — is entitled to full allowance and priority treatment, and whether any subsequent action by the Bankruptcy Court or estate parties to diminish, disallow, or subordinate said claim would constitute legal error.

3. Whether the non-dischargeability of Creditor's $900,000,000 claim should be established under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), given that the debt arises from Debtor's fraud, false pretenses, and willful and malicious injury to Creditor.