UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

FEB 2 5 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

In re:

APPERSON CRUMP, PLC,                    Case No. 25-11660-JLC
           Debtor.              Chapter 11
                                Hon. Jimmy L. Croom

NOTICE OF APPEAL

TO THE CLERK OF THE BANKRUPTCY COURT AND TO ALL PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that Randel Edward Page, Jr. ("Appellant"), a creditor in the above-captioned bankruptcy case, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the Order Dismissing Case entered by this Court on February 17, 2026 (Doc. 69), subject to resolution of Appellant's pending Motion to Vacate.

1. APPELLANT INFORMATION

| | |
|---|---|
| Name: | Randel Edward Page, Jr. |
| Status: | Creditor (Proof of Claim No. 4-2) |
| Claim Amount: | $900,000,000 (deemed allowed February 7, 2026) |
| Address: | 3504 Milford Cove |
| | Collierville, Tennessee 38017 |
| Telephone: | (901) 351-6060 |
| Email: | randelpage@gmail.com |
| Pro Se: | Yes |

2. ORDER BEING APPEALED

Appellant appeals from the entirety of the following order:

Order:        Order Granting United States Trustee's Motion to Dismiss
              or Convert Case Pursuant to 11 U.S.C. § 1112(b)
              and Dismissing Debtor's Chapter 11 Case

Date Entered:  February 17, 2026

Docket Number:  Doc. 69

3. NOTICE REGARDING PENDING MOTIONS

Appellant advises the Court and all parties that shortly after filing this Notice of Appeal, Appellant is filing:

A. A Motion to Vacate Dismissal Order Under Fed. R. Civ. P. 60(b)(3), 60(b)(6), and 60(d)(3) in this Court, alleging fraud on the court; and

4. ISSUES PRESENTED ON APPEAL
Subject to resolution of the pending Rule 60(b) motion, Appellant presents the following issues for appellate review:

A. Whether the bankruptcy court committed clear error in finding "insufficient assets available for distribution to creditors in a chapter 7" when:

    (1) Advocate Capital, Inc. abandoned ALL collateral to the bankruptcy estate on February 10, 2026, just seven (7) days before dismissal (Doc. 65), including all client matters, accounts receivable, payment intangibles, and rights to

(2) Appellant's Proof of Claim No. 4-2 in the amount of $900,000,000 was deemed allowed on February 7, 2026, creating substantial estate causes of action against co-conspirators worth tens or hundreds of millions of dollars;

(3) Appellant documented estate causes of action against Evans Petree PC, Butler Snow LLP, and other co-conspirators in comprehensive letter to U.S. Trustee dated January 12, 2026, and in Appellant's Response in Support of United States Trustee's Motion to Dismiss or Convert filed February 13, 2026 (ECF No. 68), in which Appellant explicitly requested conversion to Chapter 7 and trustee investigation; and

(4) The estate possessed valuable avoidance actions, fraudulent transfer claims, and other causes of action that a Chapter 7 trustee could pursue for the benefit of creditors.

B. Whether the bankruptcy court abused its discretion in dismissing the case rather than converting to Chapter 7 as requested by Appellant, when:

(1) Appellant filed Response in Support of United States Trustee's Motion to Dismiss or Convert on February 13, 2026 (ECF No. 68), explicitly advocating for conversion to Chapter 7 rather than dismissal;

(2) Appellant's Response documented substantial estate assets, causes of action, and reasons why conversion would serve the best interests of creditors;

(3) Appellant specifically requested that the Court direct a Chapter 7 trustee to investigate Debtor's fraudulent conduct, pursue estate causes of action against Evans Petree PC, Butler Snow LLP and others, and collect the substantial abandoned receivables;

(4) The Court dismissed the case without addressing Appellant's arguments for conversion or explaining why dismissal was chosen over conversion; and

(5) Dismissal ignored a creditor's specific, reasoned request for conversion supported by documentary evidence.

C. Whether the bankruptcy court abused its discretion in dismissing the case without:

(1) Conducting a hearing at which Appellant could present evidence of estate assets and argue for conversion to Chapter 7;

(2) Considering Appellant's comprehensive evidence submitted in Response in Support of Conversion (ECF No. 68), which documented:

- Advocate Capital's abandonment of ALL collateral including all client matters and receivables
- Appellant's $900,000,000 deemed-allowed claim
- Estate causes of action against Evans Petree PC, Butler Snow LLP and others
- Fraudulent conduct requiring trustee investigation
- Reasons why conversion serves creditors' best interests;

(3) Addressing Appellant's specific arguments against dismissal;

(4) Investigating the suspicious timing of dismissal, which occurred within four (4) days of Appellant filing Response advocating for conversion and confirmation of Appellant's communication with the Federal Bureau of Investigation regarding the fraud on the court and racketeering.

D. Whether the bankruptcy court's dismissal violated Appellant's constitutional due process rights as a creditor with a substantial, deemed-allowed claim who specifically requested conversion and trustee investigation, by:

(1) Failing to hold a hearing on the critical question of conversion versus dismissal;
(2) Dismissing without considering Appellant's documented evidence and arguments;
(3) Extinguishing Appellant's bankruptcy remedies without meaningful opportunity to be heard; and
(4) Denying Appellant's request for trustee investigation without explanation.

(1) Section 1112(b) requires the court to "convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate";

(2) Appellant, a major creditor, specifically requested conversion and documented why conversion would serve creditors' best interests;

(3) Conversion to Chapter 7 would have enabled a trustee to:
- Investigate Debtor's fraudulent conduct under § 704(a)(4)
- Collect the substantial abandoned receivables and client matters
- Pursue estate causes of action against co-conspirators
- Coordinate with FBI criminal investigation
- Maximize recovery for all creditors;

(4) The estate possessed substantial assets that a Chapter 7 trustee could administer for creditor benefit;

(5) Dismissal served no legitimate creditor interest and benefited only the debtor in fleeing accountability;

(6) The Court failed to explain why dismissal was "in the best interests of creditors" when a creditor holding a $900,000,000 claim explicitly argued the opposite; and

(7) A federal criminal investigation would benefit from continued bankruptcy proceedings enabling discovery and asset tracing.

F. Whether the dismissal constitutes fraud on the court under Federal Rule of Civil Procedure 60(d)(3) based on:

(1) Pretextual finding of "insufficient assets" contradicted by record evidence including Advocate Capital abandonment of substantially all assets and Appellant's documented estate causes of action;

(2) Suspicious timing suggesting coordination between debtor and U.S. Trustee to obtain dismissal rather than conversion:

- U.S. Trustee filed motion to dismiss OR convert (giving Court discretion)
- Appellant filed Response advocating conversion (Feb 13, 2026)
- Court dismissed (Feb 17, 2026) - 4 days later, without hearing
- Court ignored creditor's request for conversion;

(3) Timing suggesting coordination to obstruct an FBI criminal investigation:
- Debtor ceased operations immediately after dismissal;

(4) Failure to conduct hearing or consider Appellant's evidence despite major creditor's specific request for conversion;

(5) Dismissal obtained by ignoring creditor input and record evidence of substantial estate assets;

(6) U.S. Trustee's signature "APPROVED FOR ENTRY" on dismissal order (Doc. 69 at 2) despite U.S. Trustee having received Appellant's comprehensive evidence of fraud and substantial estate assets on January 12, 2026 (35 days before approving dismissal);

(7) Coordination evidenced by all parties (Court, U.S. Trustee, Debtor's counsel) obtaining their preferred outcome (dismissal without prejudice) despite contrary evidence and creditor objection.

G. Whether the bankruptcy court erred in dismissing the case without prejudice despite evidence that Appellant's claim arose from "conspiracy against civil rights and fraud on the court" (as reflected in the official Claims Register), when:

(1) Dismissal "with prejudice" is a severe sanction specifically reserved for cases involving egregious misconduct, including proven fraud;

rights and fraud on the court" going unchallenged and not denied by the debtor proves the egregious misconduct; and a pattern of repeated racketeering acts to cover up the theft of the Appellant's property.

(3) The Court's decision to dismiss without prejudice—thereby preserving Debtor's ability to obtain a "fresh start" and potentially refile bankruptcy—is fundamentally inconsistent when fraud is proven and contrary to the principle that fraudulent debtors should not receive bankruptcy's protections;

(4) The Court's treatment (fraud proven yet imposing no sanction) suggests the dismissal was designed to facilitate Debtor's escape from accountability rather than to serve creditors or the integrity of the bankruptcy system;

(5) Debtor's immediate cessation of all operations following dismissal demonstrates that Debtor understood the dismissal as facilitating flight from liability, not as a determination that reorganization was impossible; and

(6) By dismissing without prejudice despite documented fraud, the Court enabled precisely the type of abuse of the bankruptcy system that dismissal with prejudice is designed to prevent.

5. RELIEF SOUGHT ON APPEAL

Appellant respectfully requests that the United States Court of Appeals for the Sixth Circuit:

A. REVERSE the bankruptcy court's Order Dismissing Case entered February 17, 2026 (Doc. 69);

B. REMAND the case to the bankruptcy court with instructions to convert the case to Chapter 7 under 11 U.S.C. § 1112(b) as specifically requested by Appellant in Appellant's Response filed February 13, 2026 (ECF No. 68);

C. ORDER the bankruptcy court to appoint a Chapter 7 trustee to:
    (i) Investigate the debtor's fraudulent affairs under 11 U.S.C. § 704(a)(4);
    (ii) Collect estate assets including the substantial abandoned receivables and client matters;
    (iii) Pursue causes of action against Evans Petree PC, Butler Snow LLP, and other co-conspirators identified by Appellant;
    (iv) Coordinate with FBI criminal investigation;
    (v) Maximize recovery for creditors;

D. PRESERVE Appellant's Proof of Claim No. 4-2 and its deemed-allowed status;

E. FIND that the dismissal violated Appellant's due process rights by failing to conduct hearing or consider Appellant's evidence and arguments;

F. Grant such other and further relief as the Court deems just and equitable.

6. JURISDICTION

The bankruptcy court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157.
The United States Court of Appeals for the Sixth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d). This appeal is timely filed within fourteen (14) days after entry of the Order Dismissing Case, as required by Federal Rule of Bankruptcy Procedure 8002(a)(1).

7. STATEMENT OF FINALITY

The Order Dismissing Case entered February 17, 2026, is a final order disposing of the entire bankruptcy case and is immediately appealable under 28 U.S.C. § 158(a)(1).

8. NOTICE REGARDING JUDGE KEVIN RITZ

Appellant respectfully advises the Court that a potential conflict of interest exists regarding Hon. Kevin Ritz, United States Circuit Judge for the Sixth Circuit.
Judge Ritz previously served as United States Attorney for the Western District of Tennessee. In that capacity, Appellant

investigate despite being contacted regarding the evidence of clear federal crimes.

Appellant has named Judge Ritz as a defendant in a Federal Tort Claims Act claim filed with the Department of Justice for his refusal to investigate, which Appellant alleges constitutes obstruction of justice and deprivation of rights under color of law.

The outcome of this bankruptcy appeal could substantially affect Judge Ritz's personal and legal interests in the FTCA proceeding. Specifically, if this Court reverses the dismissal and finds that substantial estate assets existed (contrary to the bankruptcy court's finding), such finding would support Appellant's FTCA claim that federal officials, including Judge Ritz, obstructed justice by refusing to investigate a case with substantial merit.

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Under 28 U.S.C. § 455(b)(5)(iii), a judge must disqualify himself where he "has any other interest that could be substantially affected by the outcome of the proceeding."

Accordingly, if Judge Ritz is assigned to the panel hearing this appeal, Appellant respectfully requests that Judge Ritz recuse himself pursuant to 28 U.S.C. § 455.

Appellant will file a formal Motion for Recusal if Judge Ritz is assigned to this appeal.

9. PARTIES TO BE SERVED

Appellant will serve copies of this Notice of Appeal on the following parties:

United States Trustee
Carrie Ann Rohrscheib
Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103-2374
Email: carrie.a.rohrscheib@usdoj.gov

Apperson Crump PLC
c/o C. Jerome Teel, Jr.
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, TN 38305
Email: Jerome@tennesseefirm.com


10. DESIGNATION OF CONTENTS OF RECORD AND TRANSCRIPT ORDER

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant will file a designation of the contents of the record and a statement regarding transcripts within fourteen (14) days of filing this Notice of Appeal.
Appellant advises that no hearing transcript is necessary because the bankruptcy court dismissed the case without holding a hearing—a fact that itself supports reversal under Issue D above.

11. CERTIFICATION

Appellant certifies that:

A. A copy of this Notice of Appeal is being filed with the Clerk of the Bankruptcy Court;

B. Service will be made on the parties as set forth above;

C. The appeal is taken in good faith and not for purposes of delay;

E. Appellant is proceeding pro se due to documented conflicts of interest affecting all Tennessee-licensed attorneys arising from corruption of the Tennessee Board of Professional Responsibility, which dismissed Appellant's ethics complaints against the law firms involved in this matter without investigation;

F. Appellant is simultaneously pursuing alternative remedies (Rule 60(b) motion and withdrawal of reference) which may render this appeal moot; and

G. Appellant will promptly notify this Court and the Court of Appeals of any developments in the pending motions that affect the status of this appeal.

H. Appellant has submitted a comprehensive criminal referral to the Federal Bureau of Investigation regarding this appeal.

WHEREFORE, Appellant respectfully requests that the Clerk of the Bankruptcy Court transmit this Notice of Appeal to the United States Court of Appeals for the Sixth Circuit in accordance with Federal Rule of Bankruptcy Procedure 8003.
Dated: March 25th, 2026
Respectfully submitted,

_____
Randel Edward Page, Jr., Pro Se
Appellant/Creditor
Proof of Claim No. 4-2
3504 Milford Cove
Collierville, Tennessee 38017
Telephone: (901) 351-6060
Email: randelpage@gmail.com


CERTIFICATE OF SERVICE

I hereby certify that on March 25th, 2026, a true and correct copy of the foregoing Notice of Appeal was served via [first class mail / email] on the following parties:

United States Trustee
Carrie Ann Rohrscheib
Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103-2374
Email: carrie.a.rohrscheib@usdoj.gov


C. Jerome Teel, Jr.
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, TN 38305
Email: Jerome@tennesseefirm.com

_____
Randel Edward Page, Jr., Pro Se