U.S. BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 2 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

In re:

APPERSON CRUMP, PLC,
Debtor.

---

Bankr. Case No. **25-11660-JLC**

Chapter 11 — DISMISSED (Doc. 69, Feb. 17, 2026)

Hon. Jimmy L. Croom

Appeal Pending: Case No. **26-01037** (W.D. Tenn., docketed February 28, 2026)

## CREDITOR RANDEL EDWARD PAGE, JR.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. § 503(b) FOR SUBSTANTIAL CONTRIBUTION TO THE ESTATE, OR IN THE ALTERNATIVE, TO PRESERVE ADMINISTRATIVE PRIORITY CLAIM PENDING APPEAL

COMES NOW Randel Edward Page, Jr. ("Creditor"), proceeding pro se, a creditor in the above-captioned case, and hereby moves this Court for allowance of an administrative expense claim under 11 U.S.C. § 503(b)(3)(D) and § 503(b)(4).

### PRELIMINARY STATEMENT REGARDING DISMISSAL AND PENDING APPEAL

This Motion is filed in the context of a dismissed bankruptcy case that is currently on appeal. On February 17, 2026, this Court entered an Order (Doc. 69) granting the United States Trustee's Motion to Dismiss or Convert and dismissing Case No. 25-11660 rather than converting it to Chapter 7. Creditor filed a timely Notice of Appeal (Doc. 73, February 25, 2026), which was docketed by the U.S. District Court for the Western District of Tennessee on February 28, 2026 as Case No. 26-01037.

Creditor files this Motion now for three independent reasons:

1. The bankruptcy court retains jurisdiction to hear and determine matters collateral to the dismissed case, including administrative expense claims arising from contributions made during the pendency of the case, notwithstanding the pending appeal of the dismissal order. See In re Padilla, 222 F.3d 1184, 1189 (9th Cir. 2000).

2. If this Court lacks jurisdiction to allow the administrative expense claim in the dismissed case, Creditor requests in the alternative that this Court enter an order fixing and preserving the administrative priority claim for adjudication upon reversal of the dismissal on appeal.

3. If the District Court reverses the dismissal and orders conversion to Chapter 7 — the relief Creditor has specifically requested on appeal — this Motion will be immediately ripe and the administrative expense claim should be allowed without further delay.

Creditor's substantial contribution to this estate — detailed below — was made entirely during the pendency of the case, before dismissal. That contribution is complete, documented, and independent of whether the case is ultimately reinstated as Chapter 7 or remains dismissed. The administrative expense claim cannot be extinguished by a dismissal that is itself under appellate review as an abuse of discretion and fraud on the court.

## I. INTRODUCTION AND RELIEF SOUGHT

1. Creditor holds Proof of Claim No. 4-2 in the amount of Nine Hundred Million Dollars ($900,000,000), which was deemed allowed on February 7, 2026, after no party filed an objection within the thirty-day objection period under FRBP 3001(f). This claim was deemed allowed ten days before dismissal and remains part of the appellate record in Case No. 26-01037.

2. During the pendency of this case, Creditor's extensive investigation, documentation, and submission of evidence to this Court, the United States Trustee, and the Federal Bureau of Investigation made a substantial contribution to this bankruptcy estate by:

    a. Uncovering Debtor's fraudulent conduct that led to Debtor's inability to obtain malpractice insurance;

    b. Identifying estate causes of action against co-conspirators Evans Petree PC, Butler Snow LLP and others worth tens or hundreds of millions of dollars;

    c. Documenting Debtor's participation in a Medicare fraud cover up involving federal MIPS and BPCI Advanced programs;

    d. Prompting the United States Trustee to file a Motion to Dismiss or Convert (ECF No. 53) citing four grounds for cause under 11 U.S.C. § 1112(b);

    e. Advocating for conversion to Chapter 7 rather than dismissal (ECF No. 68), which remains the relief sought on appeal in Case No. 26-01037;

    f. Providing a comprehensive evidence directory that would enable any appointed trustee to immediately pursue estate causes of action.

3. Creditor respectfully requests that this Court:

    a. ALLOW Creditor's claim for administrative expenses under 11 U.S.C. § 503(b)(3)(D) in an amount to be determined by the Court;

    b. GRANT Creditor priority status for said administrative expenses under 11 U.S.C. § 507(a)(2);

   c. In the alternative, ENTER AN ORDER fixing and preserving Creditor's administrative priority claim pending resolution of Appeal No. 26-01037, such that upon any reversal and conversion to Chapter 7, the claim is immediately allowed without further motion practice;

   d. Upon reversal and conversion, DIRECT the Chapter 7 trustee to consider employing Creditor as a consultant to assist in investigating and pursuing estate causes of action; and

   e. Grant such other and further relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. The filing of a notice of appeal does not divest the bankruptcy court of jurisdiction over matters that are not the subject of the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This Motion concerns Creditor's administrative expense claim arising from contributions made during the pendency of the case — a matter distinct from the dismissal order under appeal in Case No. 26-01037.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

6. Venue is proper pursuant to 28 U.S.C. § 1409.

## III. BACKGROUND

### A. Procedural History

7. On January 8, 2026, Creditor filed Proof of Claim No. 4-2 in the amount of $900,000,000 based on fraud, civil rights violations, conspiracy, theft of intellectual property, and willful and malicious injury arising from Debtor's submission of a fraudulent billing statement dated June 7, 2021.

8. On January 22, 2026, Creditor executed a detailed Affidavit in Support of Proof of Claim No. 4-2, containing 74 numbered paragraphs and 17 sections of evidence (ECF No. 62), served on the United States Trustee.

9. The thirty-day objection period expired on February 7, 2026 without any objection. Proof of Claim No. 4-2 is deemed allowed under FRBP 3001(f) and constitutes prima facie evidence of the validity and amount of the claim.

10. On February 10, 2026, this Court entered an Order (Doc. 65) whereby Advocate Capital, Inc. abandoned ALL collateral under 11 U.S.C. § 554, returning all client matter receivables, accounts, and payment intangibles to the estate — creating unencumbered estate assets.

11. On February 13, 2026, Creditor filed a Response in Support of the United States Trustee's Motion to Dismiss or Convert (ECF No. 68), specifically requesting conversion to Chapter 7 and documenting the estate causes of action that a Chapter 7 trustee could pursue.

12. On February 17, 2026, this Court entered an Order of Dismissal (Doc. 69) — choosing dismissal rather than conversion — without conducting a hearing, without addressing Creditor's documented evidence of estate assets, and without explaining why dismissal rather than conversion served creditor best interests as required by 11 U.S.C. § 1112(b).

13. On February 25, 2026, Creditor filed a timely Notice of Appeal (Doc. 73). On February 28, 2026, the Court docketed the appeal as Case No. 26-01037. The appeal raises seven issues including abuse of discretion in choosing dismissal over conversion, due process violation, and fraud on the court.

14. The Saturday docketing of Case No. 26-01037 — within 24 hours of Creditor's formal letter to Trustee Smiley in the connected Duntsch bankruptcy matter (Case No. 13-30510-EEB, D. Colo.) — is itself anomalous and consistent with the pattern of coordinated action documented in the appellate record.

**B. Creditor's Investigation and Evidence Submission**

15. Since discovering Debtor's fraudulent billing statement in June 2021, Creditor conducted an extensive investigation into Debtor's conduct and the broader criminal conspiracy of which Debtor is a part, uncovering:

    a. A RICO enterprise involving Debtor, Evans Petree PC, Butler Snow LLP and others conspiring to steal Creditor's $900 million in intellectual property (Monorail healthcare analytics technology);

    b. The use of Creditor's stolen intellectual property to generate fraudulent claims against federal MIPS and BPCI Advanced Medicare programs, funded through the CMS Innovation Fund using IRS taxpayer funds;

    c. Fraudulent billing practices by Debtor designed to convert Creditor from creditor to debtor;

    d. Participation by Tennessee Attorney General Jonathan Skrmetti (formerly Butler Snow LLP) in federal crimes;

    e. Obstruction of justice by former U.S. Attorney Kevin Ritz, now a Sixth Circuit judge named as defendant in Creditor's FTCA claim;

    f. Connection to Tyler Sory, federally indicted for sex trafficking of a minor, Case No. 2:25-cr-20185-TLP;

    g. The Office of Information Policy's evasion of Creditor's subpoena seeking CMS Innovation Fund records — an act of obstruction documented in the FBI criminal referral filed February 20th, 2026.

16. All of Creditor's investigative work, evidence compilation, court filings, FBI referral, and U.S. Trustee submissions were completed during the pendency of this case — before the February 17, 2026 dismissal. The administrative expense claim arises from this pre-dismissal contribution and is not extinguished by the dismissal.

**C. United States Trustee Action**

17. January 12, 2026: Creditor sends detailed evidence letter to U.S. Trustee Rohrscheib. January 20, 2026: U.S. Trustee files Motion to Dismiss or Convert — eight days later — citing four grounds for cause including Debtor's inability to obtain malpractice insurance. This direct causal sequence demonstrates Creditor's substantial and demonstrable contribution to the estate.

### D. The Dismissal Was Error — Appeal Seeks Conversion to Chapter 7

18. The dismissal order (Doc. 69) was entered without a hearing, without addressing Advocate Capital's abandonment of all collateral seven days earlier (Doc. 65), without addressing Creditor's $900 million deemed-allowed claim, and without the findings required by 11 U.S.C. § 1112(b)(1) that conversion was not in the best interests of creditors.

19. Creditor's appeal in Case No. 26-01037 specifically seeks reversal of the dismissal and an order converting the case to Chapter 7. If the District Court grants this relief, a Chapter 7 trustee will be appointed with statutory authority to investigate Debtor's financial affairs under 11 U.S.C. § 704(a)(4) and pursue the estate causes of action identified by Creditor.

20. This Motion is filed now to ensure that Creditor's administrative expense claim is on record and preserved, so that upon conversion it is immediately allowed without further delay or motion practice.

## IV. LEGAL STANDARD

### A. Administrative Expense Claims Survive Dismissal When Based on Pre-Dismissal Contributions

21. Administrative expense claims under 11 U.S.C. § 503(b) arise at the time the contribution is made, not at the time of allowance. Creditor's contribution was made entirely during the pendency of the case. The subsequent dismissal does not extinguish a claim that vested pre-dismissal. See In re Slater Health Center, Inc., 398 F.3d 98, 103 (1st Cir. 2005) (administrative claims may survive dismissal where they arose during the case).

22. Courts retain equitable authority to preserve and fix administrative claims even in dismissed cases to prevent the inequitable result of a debtor's dismissal extinguishing creditor rights that arose during the case. See 11 U.S.C. § 105(a).

### B. Substantial Contribution Doctrine

23. Section 503(b)(3)(D) authorizes compensation for creditors who make a substantial contribution to a bankruptcy estate, even when acting in self-interest. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997).

24. Courts have allowed substantial contribution claims by pro se creditors who lack legal training but provide valuable services to the estate. See In re Teligent, Inc., 282 B.R. 765, 778 (Bankr. S.D.N.Y. 2002).

25. The relevant inquiry is not the creditor's motivation but whether the creditor's actions conferred an actual and demonstrable benefit on the estate. The benefit need not be limited to immediate monetary recovery — courts recognize contributions including uncovering fraud, identifying estate causes of action, and preventing dissipation of estate assets.

## V. CREDITOR'S SUBSTANTIAL CONTRIBUTION

### A. Creditor Uncovered Debtor's Fraudulent Conduct

26. Creditor documented that Debtor submitted a fraudulent billing statement dated June 7, 2021 — THE SMOKING GUN — for legal services not performed, performed in furtherance of a criminal conspiracy, or manufactured to create false debt. This documentation directly led to Debtor's inability to obtain malpractice insurance, as confirmed by the U.S. Trustee's Motion (ECF No. 53, ¶8).

27. Without Creditor's investigation, Debtor's fraudulent conduct would have remained hidden. The true nature of Debtor's financial distress — rooted in fraud rather than ordinary business failure — would not have been apparent to the Court, the U.S. Trustee, or other creditors.

### B. Creditor Identified Substantial Estate Causes of Action

28. Creditor's investigation identified estate causes of action against solvent third parties including Evans Petree PC, Butler Snow LLP, Baptist Memorial Health Care Corporation, Methodist Health System, Epic Systems Corporation, Dr. Lee Schwartzberg, and Dr. Steve Gubin — all participants in the RICO enterprise.

29. These causes of action — including civil conspiracy, aiding and abetting fraud, fraudulent transfer, and RICO civil liability under 18 U.S.C. § 1964(c) — represent potential recoveries far exceeding the $533,000 in non-Creditor claims. They exist regardless of whether this case is dismissed or converted, and can be pursued by a Chapter 7 trustee upon conversion, by Creditor directly under applicable law including 18 U.S.C. § 1964(c), or through such other appropriate legal actions as the Court or parties may determine.

### C. Creditor Documented Medicare Fraud and OIP Obstruction

30. Creditor documented that the stolen Monorail IP was used to generate fraudulent claims against federal MIPS and BPCI Advanced programs funded through the CMS Innovation Fund and IRS taxpayer money. Creditor further documented the Office of Information Policy's evasion of Creditor's subpoena seeking these records — itself an act of obstruction in the FBI criminal referral filed February 20, 2026.

31. The bankruptcy estate has False Claims Act damages under 31 U.S.C. § 3729 et seq. that a Chapter 7 trustee could pursue. Creditor's documentation and evidence directory creates this estate value.

### D. Creditor Prompted U.S. Trustee Action

32. The eight-day gap between Creditor's January 12 evidence letter and the U.S. Trustee's January 20 motion demonstrates direct causation. The U.S. Trustee's motion — and the resulting proceedings — would not have occurred on this timeline without Creditor's submission.

### E. Quantification of Contribution

33. Creditor expended an estimated 1,200+ hours in investigative work, legal research, document compilation, written analysis, and court filings. At a reasonable hourly rate of $300–$500 for complex commercial litigation in this market, the value of Creditor's contribution ranges from $360,000 to $600,000. Creditor requests an award of $100,000 to $300,000, recognizing that some portion of the work served Creditor's own interests.

### VI. ALTERNATIVE RELIEF — PRESERVATION OF CLAIM PENDING APPEAL

34. If this Court concludes it lacks jurisdiction to allow the administrative expense claim in the dismissed case, Creditor requests in the alternative that this Court enter an order under 11 U.S.C. § 105(a) fixing and preserving the administrative priority claim in the amount of $100,000 to $300,000, or such amount as the Court determines, such that upon reversal of the dismissal and conversion to Chapter 7 by the District Court in Case No. 26-01037, the claim is deemed allowed without further motion practice.

35. This preserves judicial economy and protects Creditor's rights. If the appeal fails, the preserved claim causes no harm. If the appeal succeeds, the estate can be administered efficiently without requiring Creditor to re-litigate this Motion before a newly appointed Chapter 7 trustee.

### VII. CONSULTANT EMPLOYMENT UPON CONVERSION

36. Upon reversal and conversion to Chapter 7, Creditor respectfully requests that this Court direct the Chapter 7 trustee to consider employing Creditor as a consultant under 11 U.S.C. § 327(a). Creditor possesses unique knowledge of the conspiracy, the stolen IP, the Medicare fraud mechanism, and the FBI investigation that no other person possesses. Creditor is willing to work on reasonable terms including contingency compensation tied to estate recoveries.

### VIII. PRIORITY STATUS UNDER § 507(a)(2)

37. Administrative expenses allowed under § 503(b) receive second-priority payment under 11 U.S.C. § 507(a)(2), subordinate only to domestic support obligations, and senior to the IRS claim of $2,984.32 and all general unsecured creditors.

### IX. CONCLUSION

38. Creditor's substantial contribution to this estate is complete, documented, and independent of the outcome of the pending appeal. The administrative expense claim arose during the pendency of the case and is not extinguished by a dismissal that is itself under appellate review. This Court should allow the claim now, or in the alternative

preserve and fix it pending reversal on appeal, so that Creditor's rights are protected and the estate can be administered efficiently upon conversion.

**PRAYER FOR RELIEF**

WHEREFORE, Creditor Randel Edward Page, Jr. respectfully requests that this Court:

A. ALLOW Creditor's claim for administrative expenses under 11 U.S.C. § 503(b)(3)(D) in an amount ranging from $100,000 to $300,000, or such other amount as the Court deems just and proper;

B. GRANT Creditor priority status under 11 U.S.C. § 507(a)(2);

C. In the alternative, ENTER AN ORDER under 11 U.S.C. § 105(a) fixing and preserving Creditor's administrative priority claim pending resolution of Appeal No. 26-01037, such that upon reversal and conversion the claim is deemed allowed without further motion practice;

D. Upon conversion, DIRECT the Chapter 7 trustee to consider employing Creditor as a consultant and to report to the Court regarding feasibility and proposed terms; and

E. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Randel E. Page

**Randel Edward Page, Jr., Pro Se Creditor**
Proof of Claim No. 4-2 — $900,000,000 Deemed Allowed

3504 Milford Cove, Collierville, Tennessee 38017

Telephone: (901) 351-6060 | Email: randelpage@gmail.com

Dated: March 2, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, a true and correct copy of the foregoing Motion was served via first class mail and/or electronic mail on the following parties:

**United States Trustee Carrie Ann Rohrscheib**

Office of the United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103-2374

Email: carrie.a.rohrscheib@usdoj.gov

**C. Jerome Teel, Jr.**

Teel & Gay, PLC

79 Stonebridge Blvd., Suite B

Jackson, TN 38305

Email: Jerome@tennesseefirm.com

/s/ Randel E. Page

Randel Edward Page, Jr.