IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 0 5 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN

RANDEL EDWARD PAGE, JR.,
Appellant,

v.   No. 1:26-cv-01037-JDB-jay

APPERSON CRUMP, PLC, and
UNITED STATES TRUSTEE, REGION 8,
Appellees.

**APPELLANT'S OBJECTION TO ORDER OF REFERENCE TO MAGISTRATE JUDGE
AND REQUEST FOR ASSIGNMENT TO ARTICLE III DISTRICT JUDGE;
NOTICE OF NON-CONSENT TO MAGISTRATE JURISDICTION**

## I. INTRODUCTION AND RELIEF SOUGHT

Appellant Randel Edward Page, Jr., proceeding pro se, respectfully objects to the Order of Reference entered by Chief District Judge J. Daniel Breen on March 4, 2026 (ECF Doc. 4), referring this case to a United States Magistrate Judge for all matters, including report and recommendation.

Appellant explicitly withholds consent to magistrate judge jurisdiction over any dispositive matter in this proceeding. This objection is filed as a formal, documented notice of non-consent and as a request that all dispositive matters be decided by an Article III District Judge.

This objection is also filed to preserve the record in light of Appellant's ongoing claims that improper magistrate referral without party consent — as occurred in Case No. 3:23-cv-00851 in the Middle District of Tennessee — constitutes fraud on the court under Federal Rule of Civil Procedure 60(d)(3).

The stakes of this appeal are not procedural. Appellant holds a $900,000,000 Proof of Claim No. 4-2 — deemed allowed February 7, 2026 after no objection was filed — grounded in fraud, civil rights violations, conspiracy, theft of intellectual property, and willful and malicious injury. The U.S. Trustee filed her Motion to Dismiss on January 20, 2026 — eight days after Appellant submitted a detailed letter on January 12, 2026 identifying specific estate causes of action against solvent third parties Evans Petree PC and Butler Snow LLP, causes of action that 11 U.S.C. § 1106(a)(3) imposes a mandatory duty to investigate before any disposition of the estate. That mandatory investigation was never conducted. The dismissal eliminated the only federal mechanism by which it would have been. Article III review of that elimination is constitutionally required — not procedurally preferred.

## II. LEGAL STANDARD: CONSENT IS REQUIRED FOR MAGISTRATE JURISDICTION OVER DISPOSITIVE MATTERS

The jurisdiction of United States Magistrate Judges is governed by 28 U.S.C. § 636. The statute creates a critical distinction between two categories of matters:

First, under 28 U.S.C. § 636(b)(1), a magistrate judge may hear non-dispositive pretrial matters and issue reports and recommendations on dispositive motions. In the latter case, any party may file objections to the report and recommendation, and the district judge reviews de novo the portions to which objection is made.

Second — and critically — under 28 U.S.C. § 636(c)(1), a magistrate judge may exercise full jurisdiction over a civil matter, including entering final judgment, ONLY with "the consent of the parties." The statute states:

> *"Upon the consent of the parties, a full-time United States magistrate judge... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court..."*

28 U.S.C. § 636(c)(1) (emphasis added).

The Supreme Court has confirmed that consent is a jurisdictional requirement for magistrate authority over dispositive matters. See Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 678 (2015) ("Article III courts may not... adjudicate... claims absent consent.").

A district court may refer a case to a magistrate for report and recommendation without consent. But the final determination on any dispositive matter must be made by an Article III judge. The magistrate's report and recommendation process under § 636(b)(1) preserves this constitutional requirement by reserving final judgment to the district judge.

## III. THIS IS A DISPOSITIVE BANKRUPTCY APPEAL REQUIRING ARTICLE III ADJUDICATION

This case is a direct appeal from the United States Bankruptcy Court, Western District of Tennessee, Case No. 25-11660, pursuant to 28 U.S.C. § 158(a). Appellant appeals the Order Granting United States Trustee's Motion to Dismiss Case entered February 17, 2026 (ECF No. 69 in the bankruptcy case).

A bankruptcy appeal is a dispositive matter. The judgment appealed from — dismissal of a bankruptcy case — is a final order. Any ruling by this Court on that appeal constitutes a dispositive adjudication of Appellant's rights.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may not "determine" a motion that is "dispositive of a claim or defense." A bankruptcy appeal from a final dismissal order is dispositive of all claims asserted in the bankruptcy case, including Appellant's $900 million Proof of Claim No. 4-2.

Accordingly, any final ruling on this appeal must be made by an Article III District Judge, not a Magistrate Judge acting without consent.

## IV. FORMAL NOTICE OF NON-CONSENT TO MAGISTRATE JUDGE JURISDICTION

Appellant expressly and unequivocally DOES NOT CONSENT to the exercise of jurisdiction by a United States Magistrate Judge over any dispositive matter in this proceeding, including but not limited to:

- Ruling on the merits of this bankruptcy appeal;
- Entering any final judgment or order disposing of any claim or defense;
- Dismissing or affirming the dismissal of any claim;
- Ruling on any motion that would terminate or limit Appellant's rights in this proceeding.

Appellant does not object to a magistrate judge handling purely administrative or ministerial matters, provided that no dispositive ruling is issued without de novo review by and final determination by an Article III District Judge.

## V. THIS ISSUE IS CENTRAL TO APPELLANT'S PENDING CLAIMS: PRIOR IMPROPER REFERRAL CONSTITUTES FRAUD ON THE COURT

Appellant raises this objection not only as a matter of procedure but because improper magistrate referral without consent is a documented harm that forms part of Appellant's pending claims.

In Case No. 3:23-cv-00851, United States District Court for the Middle District of Tennessee, Chief Judge referred Appellant's civil rights case to a magistrate judge without Appellant's consent, in violation of 28 U.S.C. § 636(c). The magistrate judge thereafter recommended dismissal, and the court entered an adversarial judgment against Appellant — dismissing Appellant's unrebutted affidavit — without Appellant's consent to magistrate jurisdiction.

Appellant has documented this improper referral as a basis for an independent action for fraud on the court under Federal Rule of Civil Procedure 60(d)(3), which carries no statute of limitations. The same referral mechanism — referral for "all matters" without consent — has now been employed in this proceeding.

Appellant files this objection to ensure that the record in this case does not replicate the procedural harm that occurred in Case No. 3:23-cv-00851, and to preserve Appellant's full rights on appeal should this Court's proceedings be challenged.

## V-A. THE CLERK VIOLATED 28 U.S.C. § 636(c)(2) AND LOCAL RULE 72.1(c)(1) BY FAILING TO ISSUE THE CONSENT FORM BEFORE THE ORDER OF REFERENCE

Independent of Appellant's substantive non-consent, the Order of Reference is procedurally defective on a separate and independent ground: the Clerk of Court did not issue the mandatory consent notification form to the parties before the referral was entered. This violates both federal statute and the Western District of Tennessee's own Local Rules.

### A. The Federal Statutory Requirement — 28 U.S.C. § 636(c)(2)

28 U.S.C. § 636(c)(2) imposes a mandatory, non-discretionary duty on the Clerk:

> *"The clerk of any district court shall, at the time of filing of a pleading requesting relief, notify the parties of their opportunity to consent to the*

*exercise by a United States magistrate judge of civil jurisdiction over the case..."*

The word "shall" is mandatory. The notification must occur "at the time of filing" — not after, not simultaneously with a referral order, but as a prerequisite to any referral.

### B. The Local Rule Requirement — LR 72.1(c)(1)

The Western District of Tennessee's Local Rules implement this requirement with even greater specificity. LR 72.1(c)(1) states:

> *"If a civil case, upon filing, is randomly assigned to a district judge as the presiding judge pursuant to Rule 83.8 governing assignment of civil cases, the clerk will provide the plaintiff and/or plaintiff's counsel a 'Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge' form ('Consent Form'). The clerk shall also issue or supply at that time, for each defendant in the case, copies of the Consent Form which shall be attached to the summons and thereafter served upon the defendant(s)..."*

LR 72.1(c)(3) further provides that parties must communicate unanimous consent to the clerk on the prescribed form, and only then does LR 72.1(c)(4) authorize the clerk to notify the presiding district judge, who may then enter an order of reference.

The Local Rule makes the required sequence unmistakably clear:

1. Case filed or appeal docketed;
2. Clerk provides Consent Form to plaintiff at that time, and serves copies on defendants with summons;
3. Parties communicate unanimous consent to clerk on prescribed form (district judge is NOT informed of who consented or refused — LR 72.1(c) is structured to prevent coercive pressure);
4. Clerk notifies district judge of unanimous consent;
5. District judge enters order of reference ONLY upon unanimous consent.


### C. What Actually Occurred in This Case

The docket in Case No. 1:26-cv-01037 reflects the following:

6. Appeal docketed — March 4, 2026;
7. No Consent Form issued — there is no docket entry reflecting any consent notification to Appellant or any other party at any time;
8. Order of Reference entered the same day — March 4, 2026 (ECF Doc. 4) — with no intervening consent process whatsoever.


The referral was entered on the same day the appeal was docketed, with no consent form issued and no consent process conducted. The mandatory sequence required by both 28 U.S.C. § 636(c)(2) and LR 72.1(c)(1) was bypassed entirely. A consent form offered after a referral order

has already been entered is no consent at all — the statutory and local rule protections are rendered meaningless if the referral precedes the consent process.

The structural purpose of the consent requirement is also violated here. LR 72.1(c) is deliberately designed so that the district judge does not know which parties consented and which refused, in order to prevent any coercive inference. When the district judge enters the Order of Reference before the consent process occurs, that structural protection is completely eliminated. Appellant had no meaningful opportunity to consent or refuse before the referral was entered.

Appellant respectfully submits that the Order of Reference (ECF Doc. 4) should be vacated on this independent ground, and that the Clerk should be directed to issue the required Consent Form to all parties in accordance with LR 72.1(c)(1) and 28 U.S.C. § 636(c)(2) before any further referral is made.

## V-B. THE STERN v. MARSHALL CONSTITUTIONAL DIMENSION — THIS APPEAL INVOLVES CLAIMS THAT REQUIRE ARTICLE III ADJUDICATION

The constitutional problem in this case is not limited to the consent process defect documented in Sections V and V-A above. It extends to the nature of the underlying claims themselves.

In Stern v. Marshall, 564 U.S. 462, 503 (2011), the Supreme Court held that a bankruptcy court — whose judges hold Article I appointments for 14-year terms rather than lifetime Article III tenure — lacked constitutional authority to enter final judgment on a state law counterclaim grounded in private rights, even where Congress had granted statutory authority to do so. The Court held: 'The Bankruptcy Court in this case exercised the judicial power of the United States by entering final judgment on a common law tort claim, even though the judges of such courts enjoy neither tenure during good behavior nor salary protection.' Id.

Appellant's $900,000,000 Proof of Claim No. 4-2 — deemed allowed February 7, 2026 — is grounded entirely in private rights claims: fraud, civil rights violations, conspiracy, theft of intellectual property, and willful and malicious injury. Not one of these bases arises under the bankruptcy code. They are Stern claims that constitutionally require Article III adjudication.

Bankruptcy Judge Jimmy L. Croom — who dismissed Case No. 25-11660 — is an Article I judge appointed by the Sixth Circuit Court of Appeals for a 14-year term. Under Stern, he lacked constitutional authority to enter a final order effectively terminating Appellant's $900 million private rights claims without Appellant's consent to non-Article III adjudication.

This appeal brought the case to an Article III district court for the first time. The immediate same-day referral to Magistrate Judge York — also a non-Article III judge serving a fixed term — without the mandatory consent process, continues and compounds the layered constitutional deprivation. Under Wellness International Network, Ltd. v. Sharif, 575 U.S. 665, 669 (2015), consent to non-Article III adjudication of Stern claims must be knowing and voluntary. The mandatory consent notification process that was bypassed here is the mechanism by which knowing and voluntary consent is obtained. Its absence means no valid consent exists.

Appellant respectfully submits that this constitutional dimension provides an independent and additional ground for sustaining Appellant's objection to the magistrate referral. This Court — the first and only Article III tribunal to have jurisdiction over these claims — should retain

and exercise that jurisdiction rather than routing Appellant's Stern claims through yet another non-Article III adjudicator.

The connection between Stern and the mandatory investigation duty of 11 U.S.C. § 1106(a)(3) makes the constitutional necessity of Article III adjudication in this specific appeal especially acute. Section 1106(a)(3) imposes a mandatory, non-discretionary duty on a trustee to investigate the acts, conduct, assets, liabilities, and financial condition of the debtor and any cause of action available to the estate. Appellant submitted documented evidence of estate causes of action against solvent third parties — Evans Petree PC and Butler Snow LLP — on January 12, 2026. The U.S. Trustee filed the Motion to Dismiss eight days later on January 20, 2026. The mandatory § 1106(a)(3) investigation those causes of action required was never conducted before dismissal was sought. The dismissal order — entered by a non-Article III bankruptcy judge on private rights claims that constitutionally require Article III adjudication — eliminated the only federal mechanism by which that investigation would have been conducted and those estate causes of action preserved. This Court, as the first Article III tribunal with jurisdiction over this appeal, is the only court constitutionally empowered to review whether that elimination was lawful. Routing that review through a non-Article III magistrate judge is constitutionally insufficient under Stern and Wellness International.

## VI. REQUEST FOR RELIEF

For the foregoing reasons, Appellant respectfully requests that this Court:

9. ACKNOWLEDGE Appellant's formal non-consent to magistrate judge jurisdiction over any dispositive matter in this proceeding;

10. CONFIRM that any report and recommendation issued by the Magistrate Judge on dispositive matters will be subject to de novo review by Article III District Judge Jon A. York;

11. CONFIRM that final judgment on this bankruptcy appeal will be entered by an Article III District Judge, not a Magistrate Judge;

12. PRESERVE this objection as part of the record for purposes of any future appeal;

13. VACATE or MODIFY the Order of Reference (ECF Doc. 4) on the independent ground that the Clerk failed to issue the required Consent Form before the referral was entered, in violation of 28 U.S.C. § 636(c)(2) and LR 72.1(c)(1) of the Local Rules of the Western District of Tennessee;

14. DIRECT the Clerk to issue the required Consent Form to all parties in accordance with LR 72.1(c)(1) and 28 U.S.C. § 636(c)(2), with Appellant's non-consent formally recorded on the docket;

15. GRANT such other relief as the Court deems just and proper to protect Appellant's Article III rights.

## VII. CONCLUSION

The constitutional guarantee of an Article III adjudicator is not a technicality. It is a structural protection that ensures judicial independence and due process. Appellant has

documented in prior proceedings that this protection was violated to his detriment. He files this objection promptly and on the record to ensure that protection is honored here.

Appellant further notes for the record a development occurring on the same day as the defective Order of Reference. On March 4, 2026 — the same day the appeal was docketed and the Order of Reference was entered without consent — U.S. Trustee Trial Attorney Carrie Ann Rohrscheib emailed Appellant attaching a pre-drafted Joint Motion for Extension of Time to File Briefs and a proposed Order that was already pre-signed by Magistrate Judge York, requesting Appellant's signature under the March 16, 2026 briefing deadline. The proposed order had been signed by the magistrate before Appellant was ever asked whether he consented to magistrate jurisdiction.

This sequence is noted not as a formal motion but as a record fact: a defective referral entered without consent on day one, followed within hours by a pre-signed magistrate order presented for Appellant's signature under deadline pressure, is consistent with an attempt to obtain Appellant's retroactive consent to magistrate jurisdiction through participant conduct rather than through the mandatory consent process required by 28 U.S.C. § 636(c)(2) and Local Rule 72.1(c)(1). Appellant declined to sign the joint motion in its presented form. This objection is filed to formally place Appellant's non-consent on the record before any further action by the magistrate occurs, and to ensure the Court is fully informed of the circumstances surrounding the Order of Reference.

The U.S. Trustee filed her Motion to Dismiss on January 20, 2026 — eight days after Appellant submitted documented evidence of estate causes of action against Evans Petree PC and Butler Snow LLP that 11 U.S.C. § 1106(a)(3) required her office to investigate before any disposition of the estate. That mandatory investigation was never conducted. This Court — the first and only Article III tribunal with jurisdiction over this appeal — is constitutionally required to review that failure. The constitutional guarantee of an Article III adjudicator is not a technicality. It is a structural protection that ensures judicial independence and due process. Appellant has documented in prior proceedings that this protection was violated to his detriment. He files this objection promptly and on the record to ensure that protection is honored here.

Respectfully submitted,

/s/ Randel E. Page
Randel Edward Page, Jr., Pro Se Appellant
3504 Milford Cove
Collierville, Tennessee 38017
Telephone: (901) 351-6060
Email: randelpage@gmail.com

Dated: March 5, 2026

## CERTIFICATE OF SERVICE

     I hereby certify that on March 5, 2026, a true and correct copy of the foregoing Objection was served via first class mail and/or electronic mail upon:

United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103


C. Jerome Teel, Attorney for Debtor/Appellee Apperson Crump PLC


_____

Randel Edward Page, Jr.