**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

IN RE: APPERSON CRUMP, PLC,
Debtor.

**Case No. 25-11660-JLC**
Chapter 7
Hon. Jimmy L. Croom

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 13 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

Related Appeal: Page v. Apperson Crump, PLC, et al.,
Case No. 1:26-cv-01037-JDB-jay (W.D. Tenn.)

## AFFIDAVIT OF RANDEL EDWARD PAGE, JR. REGARDING FRAUD ON THE COURT, FRAUDULENT BILLING AS THE PREDICATE ACT OF THE CONSPIRACY, USE OF ARTIFICIAL INTELLIGENCE IN PRIOR FILINGS

I, Randel Edward Page, Jr., being of sound mind and competent to testify, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

### I. IDENTITY AND PURPOSE OF THIS AFFIDAVIT

1. I am Randel Edward Page, Jr., the creditor in the above-captioned bankruptcy case and the appellant in the related district court appeal.

2. I submit this affidavit for three purposes: (a) to place before the Court a plain-language account of the single most important fact in this entire matter — the fraudulent billing statement Apperson Crump PLC sent me on June 7, 2021. (b) to disclose that certain prior filings in this case were drafted with the assistance of an artificial intelligence tool (Claude, developed by Anthropic) while preserving my rights as a creditor of record with a deemed-allowed claim.

### II. THE FRAUDULENT BILLING STATEMENT — THE SMOKING GUN

4. On June 7, 2021, Apperson Crump PLC sent me a billing statement for legal services. This document is attached to my Proof of Claim No. 4-2 as Exhibit A and is incorporated herein by reference. I will refer to it throughout this affidavit as the Fraudulent Bill.

5. The Fraudulent Bill is the predicate act of the conspiracy against me. Everything that followed — the bankruptcy filing, the attempt to convert me from creditor to debtor, the motion to dismiss, the appeal — flows from this single document.

6. The Fraudulent Bill purports to charge me for legal services rendered in connection with the Monorail litigation — specifically, Civil Action No. CT-0002704-17, Monorail Healthcare Services, LLC v. Baptist Memorial Health Care Corp., Truven Health Analytics, Inc., and Epic Systems Corp., Thirtieth Judicial District at Memphis.

7. I state the following under penalty of perjury: the legal services described in the Fraudulent Bill were either (a) not performed at all; (b) performed not on my behalf but in furtherance of the conspiracy against me; or (c) manufactured after the fact to create a false debt against me and convert me from a creditor into a debtor. I did not authorize, request, or receive the services as billed. The bill was not the product of a legitimate attorney-client relationship. It was a weapon.

8. I can state this with confidence because of the sequence of events surrounding the bill. In April 2021 — approximately six weeks before the Fraudulent Bill was issued — I had already raised concerns in writing about the conduct of Apperson Crump attorneys in the Monorail litigation. On April 25, 2021, I sent an email to Bruce Kramer, Jake Brown, Tim Ginski, and Jill Harris of Apperson Crump raising concerns about what I described as unscrupulous activity and illegal sealing in the litigation. Jake Brown responded on April 26, 2021, dismissing my concerns. Forty-two days later, the Fraudulent Bill arrived.

9. The timing is not coincidental. I raised concerns about fraud inside the litigation. Six weeks later I received a bill designed to make me a debtor. The bill was the response to my raising the alarm — not a legitimate invoice for services rendered.

10. The Fraudulent Bill's purpose becomes clearer in the context of what came after. On October 21, 2021, John J. Heflin III, counsel for Epic Systems Corporation in the Monorail litigation, sent an email to Apperson Crump attorneys demanding that I certify the destruction of all confidential documents as required by the May 9, 2018 Consent Protective Order entered in the Monorail litigation. That Consent Protective Order, at paragraph 20, required that all confidential documents be destroyed or deleted upon conclusion of the action, with written certification. Epic's counsel coordinated with my own attorneys to pressure me into destroying evidence. On November 1, 2021, Tim Ginski of Apperson Crump forwarded Heflin's email to me as a so-called 'courtesy,' disclaiming any legal advice while making clear the demand had been received.

11. I refused to certify destruction. I preserved all evidence. That decision — to refuse the destruction demand and preserve the documentary record — is the reason I am able to bring this affidavit before this Court today.

12. The sequence is as follows: I discovered fraud in the Monorail litigation. My own attorneys turned against me. A fraudulent bill was issued to make me a debtor. My attorneys then coordinated with opposing counsel to destroy the evidence that would prove the fraud. When that failed, Apperson Crump filed for bankruptcy — a proceeding in which a controlled trustee could have been used to pursue claims against me, convert my status, and bury the evidence permanently. I identified that scheme and intervened by filing Proof of Claim No. 4-2, establishing myself as a creditor rather than a debtor. The claim was deemed allowed. No party objected. Then the case was dismissed.

13. The dismissal of this bankruptcy case, rather than conversion to Chapter 7, was the final act of the scheme. A Chapter 7 trustee with statutory investigative authority would have

had access to Apperson Crump's records, would have been able to investigate the fraudulent bill, and would have been able to pursue causes of action against the co-conspirators. Dismissal closed the case, closed the estate, and foreclosed that investigation. I believe the dismissal was not a neutral exercise of judicial discretion. I believe it was the intended outcome of the scheme.

### III. DISCLOSURE OF ARTIFICIAL INTELLIGENCE USE IN PRIOR FILINGS

14. I am required by my conscience and by the duty of candor I owe this Court to disclose the following: a substantial portion of the legal documents I filed in this bankruptcy case and in the related district court appeal were drafted with the assistance of an artificial intelligence tool called Claude, developed by Anthropic, PBC. I used this tool because I am proceeding pro se, without legal training, in a complex federal proceeding against sophisticated institutional parties represented by experienced counsel.

15. The use of AI assistance in drafting legal documents is not itself improper.

16. Specifically, the following three citations that appeared in my Motion for Summary Reversal (Dkt. 11) were identified by the United States Trustee in its Consolidated Response (Doc. 20) as either nonexistent or not standing for the propositions cited: (a) In re Pyramid Energy, Ltd., 789 F.2d 1272 (7th Cir. 1986); (b) In re Continental Information Systems Corp., 27 F.3d 46 (2d Cir. 1994); and (c) In re Hallet, 33 B.R. 564 (Bankr. D. Me. 1983), which exists but does not support the proposition for which it was cited.

17. In fact, co-conspirator Butler Snow used AI assistance with the same results. Butler Snow called it AI-generated "hallucinations." What's NOT a hallucination is the fact that Apperson Crump and others victimized the appellate and committed fraud upon this Court.

    Exhibit A

18. I disclose the AI assistance not to excuse the citation errors but to be transparent with this Court about how they occurred and to ensure the record reflects the truth. Every factual assertion in every document I have filed is true to the best of my knowledge.

### IV. PRESERVATION OF RIGHTS

19. First: I believe this Court has been subjected to fraud. The bankruptcy filing itself was, in my view, an instrument of the same conspiracy that produced the Fraudulent Bill. The dismissal of the case rather than conversion to Chapter 7 served the interests of the conspirators. I cannot in good conscience continue to litigate within a proceeding I believe was designed to harm me.

20. Second: I am a pro se litigant without legal training attempting to navigate complex federal bankruptcy and appellate procedure against institutional parties with experienced counsel.

    The citation errors in my prior filings demonstrate the limits of what I can do reliably without professional legal assistance.

21. Third: The documentary record is complete. The Fraudulent Bill exists. My Proof of Claim is deemed allowed. The Advocate Capital abandonment order is entered. My criminal referral to the FBI has been submitted. The evidence of the conspiracy — including the emails between Apperson Crump and Epic Systems' counsel coordinating evidence destruction — is preserved.

22. I expressly preserve and do not waive the following rights: (a) my status as a creditor of record in Case No. 25-11660 with a deemed-allowed Proof of Claim No. 4-2 in the amount of $900,000,000

## V. STATEMENT TO THE COURT

23. I want to be direct with this Court about what I believe happened.

24. I am not a lawyer. I am not wealthy. I do not have institutional backing. What I have is a fraudulent bill, dated June 7, 2021, from attorneys who were supposed to represent me, billing me for work done against me. That bill is attached to my Proof of Claim. It has been before this Court since January 8, 2026. No party has objected to it, challenged it, or offered any explanation for it. It has been deemed allowed.

25. Every filing I have made in this proceeding — however imperfectly drafted has been in service of one simple proposition: that bill is fraudulent, the people who sent it were conspiring against me, and the bankruptcy proceeding was designed to bury that fact rather than expose it.

26. I believe this Court knows that. I believe the United States Trustee knows that. I believe the FBI, to whom I have submitted a comprehensive criminal referral to, is now in possession of the evidence to prove it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: March 13, 2026

_/s/ Randel Page_

**Randel Edward Page, Jr.**
Pro Se Creditor of Record
Proof of Claim No. 4-2 — Case No. 25-11660
3504 Milford Cove
Collierville, Tennessee 38017

Telephone: (901) 351-6060

Email: randelpage@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a true and correct copy of the foregoing Affidavit was served via electronic mail on:

Carrie Ann Rohrscheib, Trial Attorney

Office of the United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103

Carrie.A.Rohrscheib@usdoj.gov

C. Jerome Teel, Jr.

Teel & Gay, PLC

79 Stonebridge Blvd., Suite B

Jackson, Tennessee 38305

Jerome@tennesseefirm.com

Clerk of Court

United States Bankruptcy Court, Western District of Tennessee

_____

Randel Edward Page, Jr.

# Exhibit A

# Event'

By Rose Krebs | 2025-06-03 15:14:49 -0400 · Listen to article

Butler Snow LLP has told an Alabama federal court that fake citations in two of its filings in a prison abuse case that were the result of AI-generated "hallucinations" were an "isolated event," and it is revising policies and procedures to ensure such mistakes won't happen again.

Butler Snow said in a filing on Monday that it "sincerely apologizes to the court, all parties, and counsel of record for what has taken place here," but asked the court to "limit any sanctions it may impose to a modest sanction upon it and to the exclusion of the affected clients in this litigation."

The fake citations at issue were made in filings Butler Snow submitted to the court in May related to former Alabama Department of Corrections Commissioner Jefferson Dunn's bid to depose plaintiff Frankie Johnson in connection with a lawsuit he filed over conditions at the William E. Donaldson Correctional Facility in Alabama.

In an order last month, U.S. District Judge Anna M. Manasco directed Butler Snow to appear at a hearing and show cause why it shouldn't be sanctioned for the fake case citations, which were flagged by counsel for Johnson in a May filing.

After Johnson's attorneys raised questions about the fake case citations, the court did its own "independent searches for each allegedly fabricated citation, to no avail," the judge's order said. She asked the Butler Snow attorneys representing Dunn to show why they shouldn't be sanctioned "for making false statements of fact or law to the court."

At the hearing on the order to show cause on May 21, Judge Manasco gave parties until Monday to make supplemental filings. The judge also allowed Butler Snow to file corrected versions of the two filings at issue, which it did on May 23.

In Monday's filing, the firm said it "has undertaken an extensive review of all filings in all Alabama federal courts and the Eleventh Circuit Court of Appeals on or after April 1, 2023, where counsel of record from this case ... appeared on any filing."

It said it also retained Morgan Lewis & Bockius LLP "to independently conduct its own review using its own independent protocols."

"In all, Morgan Lewis reviewed more than 2,400 separate legal citations across 330 filings," the filing said, and "did not find any instance where a legal citation was fabricated or where the citations were

"No additional apparent AI-generated citations were uncovered," Butler Snow said, adding: "In sum, the results of these investigations, coupled with the declarations of counsel, indicate that this was an isolated event."

In a filing last month, Johnson's counsel flagged multiple case citations in a motion for leave to depose an incarcerated person and a motion to compel that were filed by Dunn.

Dunn "appears to have wholly invented case citations in his Motion for Leave, possibly through the use of generative artificial intelligence," Johnson's filing said.

In one of the problematic citations, a real case was referenced, but was used to support an argument using a "pincite" that doesn't exist. Instead of being about a discovery issue as Butler Snow's filing suggested, the case related to "an appeal challenging a criminal's sentencing enhancement," Johnson's attorneys said.

In another instance, Butler Snow cited a case that was purportedly from the Northern District of Alabama, but the only case that could be found with that name "was decided by the Alabama Court of Appeals in 1939 regarding the resolution of a speeding ticket," the filing said.

Another citation fabricated a case that doesn't exist, Johnson's counsel said, and it also couldn't find yet another of the cases Butler Snow cited as being from the Northern District of Alabama.

Johnson's counsel also flagged a case citation used in the motion to compel, saying although it "found a string of similarly named opinions, none of them stood for the proposition defendant represented."

"Defendant's complete fabrication of case law is suggestive of an abuse of the utilization of generative artificial intelligence and should be taken very seriously by this Court," Johnson's filing said.

In a filing before the May hearing, Butler Snow was apologetic to the court saying: "What happened here is unacceptable."

"Tempted by the convenience of artificial intelligence, counsel improperly used generative AI to supplement two motions and did not verify the citations that AI provided," the firm said. "Those citations turned out to be 'hallucinations' by the AI system."

The firm added: "Although done without intent to mislead the Court or counsel opposite, counsel do not defend or condone this complete lapse in judgment. They apologize — both for failing to uphold their own standards and for wasting counsel opposite's and this Court's time and resources."

Butler Snow represented to the court its partner Matthew B. Reeves, who is assistant practice group leader for its constitutional and civil rights litigation group, used ChatGPT in the preparation of the two filings and failed to catch the false citations.

"Since 2023, Butler Snow has cautioned all attorneys about the risks of large language models (which includes ChatGPT) as a research tool and reinforced the need to verify the accuracy of every citation," the firm told the court. "The firm has an Artificial Intelligence Committee which is currently drafting a new comprehensive artificial intelligence policy."

After the court's show cause order, the firm also "sent an additional reminder to all" of its attorneys "about their ethical and professional duties to verify the accuracy of all citations or other authority presented to any court," the filing said.

The firm said it "will also hold extensive new training for the entire firm regarding the appropriate and inappropriate uses of artificial intelligence in legal representation."

In an amended version of his suit filed in 2023, Johnson accused Dunn and corrections officers of allowing "patently unsafe" conditions at the Donaldson correctional facility and said he has "been repeatedly victimized while in the custody of the Alabama Department of Corrections."

Counsel for the parties didn't immediately respond to requests for comments.

Johnson is represented by Jamila S. Mensah, Kelly A. Potter, Gary Y. Gould of Norton Rose Fulbright, Lana A. Olson and M. Wesley Smithart of Lightfoot Franklin & White LLC and Anil A. Mujumdar of Dagney Johnson Law Group.

Dunn is represented by William R. Lunsford, Matthew B. Reeves, William J. Cranford and Daniel J. Chism of Butler Snow LLP.

In response to the order to show cause, Butler Snow is represented in-house by A. David Fawal and Michael B. Beers.

The case is Johnson v. Dunn et al., case number 2:21-cv-01701, in the U.S. District Court for the Northern District of Alabama.

--Editing by Nicole Bleier.

*For a reprint of this article, please contact reprints@law360.com.*

United States Bankruptcy Court

Western District of Tennessee

In re:  Case No. 25-11660-jlc

Apperson Crump PLC  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0651-1  User: ao1492bnc  Page 1 of 2
Date Rcvd: Mar 13, 2026  Form ID: pdford02  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 15, 2026:**

**Recip ID     Recipient Name and Address**
cr     + Randel Edward Page, Jr., 3504 Milford Cove, Collierville, TN 38017-3606

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 15, 2026      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 13, 2026 at the address(es) listed below:

**Name      Email Address**

Advocate Capital, Inc.
    amcmullen@bradley.com

Austin McMullen
    on behalf of Creditor Advocate Capital  Inc. amcmullen@bradley.com, amcmullen@ecf.courtdrive.com

Bertis Echols
    on behalf of Creditor Poplar Corridor Investments  LLC bechols@evanspetree.com, rfehse@evanspetree.com

Brandon McNary
    on behalf of Creditor Adan Tech  LLC bmcnary@drmlawmemphis.com, litigation@drmlawmemphis.com

Brian Jordan
    on behalf of Creditor Wilmington Savings Fund Society. FSB  not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust 1 bkecfinbox@aldridgepite.com, bjordan@ecf.inforuptcy.com

C. Jerome Teel, Jr.

| | | |
|---|---|---|
| District/off: 0651-1 | User: ao1492bnc | Page 2 of 2 |
| Date Rcvd: Mar 13, 2026 | Form ID: pdford02 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Debtor Apperson Crump PLC bankruptcy@tennesseefirm.com cjtecf@gmail.com;g3946@notify.cincompass.com;jeromecr77281@notify.bestcase.com |
| Carrie Ann Rohrscheib | on behalf of U.S. Trustee U.S. Trustee carrie.a.rohrscheib@usdoj.gov |
| Marianna Williams | on behalf of Codebtor Bruce M. Smith marianna@ashleyarnold.com |
| R. Lee Webber | on behalf of Creditor Guaranty Bank and Trust Company lwebber@martintate.com mowens@martintate.com |
| Ronald G. Steen, Jr. | on behalf of Creditor Simmons Bank ronn.steen@thompsonburton.com mdennis@thompsonburton.com |
| U.S. Trustee | ustpregion08.me.ecf@usdoj.gov |
| Wendy Geurin Smith | on behalf of Creditor BankTennessee wgsmith@evanspetree.com |

TOTAL: 12