UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 19 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

In re:
**APPERSON CRUMP, PLC,**
Debtor.
Case No. 25-11660-JLC     Chapter 11     Hon. Jimmy L. Croom

## AFFIDAVIT OF RANDEL EDWARD PAGE, JR.

### REGARDING WITNESS INTIMIDATION, TARGETED COMMUNICATION

### REFERENCING ELDER ABUSE CLAIM OF MARY PAGE,

### AND INTERFERENCE WITH FEDERAL INVESTIGATION

### BY COLLIERVILLE POLICE CHIEF DALE LANE AND FBI AGENT JOE HERMAN

### PURSUANT TO 18 U.S.C. §§ 1512, 1513, 1503; 34 U.S.C. § 20141; 42 U.S.C. § 1397j

I, Randel Edward Page, Jr., being duly sworn, depose and state under penalty of perjury as
follows:

### I. IDENTITY AND STANDING

1. My name is Randel Edward Page, Jr. My address is 3504 Milford Cove, Collierville,
   Tennessee 38017. My telephone number is (901) 351-6060 and my email address is
   randelpage@gmail.com.

2. I am a creditor in Case No. 25-11660 holding Proof of Claim No. 4-2 in the amount of
   $900,000,000, deemed allowed February 7, 2026.

3. I am also a formal federal crime victim who invoked rights under 34 U.S.C. § 20141 in
   correspondence with Acting Civil Chief Kara F. Sweet of the U.S. Attorney's Office,
   Middle District of Tennessee, on January 17, 2022.

4. This Affidavit documents a targeted witness intimidation communication directed at me
   and referencing my mother Mary Page's elder abuse claim, delivered through a chain of
   instruction from Collierville Police Chief Dale Lane through FBI Agent Joe Herman,
   occurring while investigation of the RICO enterprise documented in prior submissions.

### II. MARY PAGE — ELDER ABUSE AND MEDICARE FRAUD VICTIM

5. Mary Page is my mother and an elderly federal crime victim whose victimization is
   documented across multiple federal proceedings.

6. On January 17, 2022, I formally reported to Acting Civil Chief Kara F. Sweet of the U.S.
   Attorney's Office, Middle District of Tennessee, that Mary Page was the victim of
   Medicare fraud at West Clinic perpetrated by Dr. Lee Schwartzberg, including billing
   Medicare for office visits she did not attend and tests not administered.

7. I also reported that Dr. Steve Gubin at Stern Cardiology, Baptist Memorial Service Line Head, participated in the scheme.

8. Mary Page's Medicare supplement policy was being defrauded as part of the same scheme, constituting elder financial abuse under 42 U.S.C. § 1397j et seq.

9. On November 19, 2022, I reported to Acting Civil Chief Sweet that death threats had been communicated through Mary Page against me in direct connection to my reporting of the RICO enterprise. Sweet took no protective action.

10. A Motion to Intervene was filed on Mary Page's behalf in related proceedings, referenced in Sweet's own correspondence of November 19, 2022.

11. I filed an elder abuse claim on behalf of Mary Page documenting her Medicare fraud and elder financial abuse.

12. All of the foregoing was submitted in my civil rights lawsuit filed in the U.S. District Court for the Middle District of Tennessee, Case No. 3:23-cv-00851, which was subsequently dismissed without written findings after an improper magistrate referral without my consent in violation of 28 U.S.C. § 636(c).

## III. FBI AGENT GRAHAM'S INVESTIGATION AND INSTITUTIONAL RESISTANCE

13. FBI Special Agent Cody Graham of the Memphis Field Office, assigned to the Human Trafficking and White Collar Crime Division, has received substantial evidence from me regarding the RICO enterprise involving Evans Petree PC, Butler Snow LLP, Apperson Crump PLC and others.

14. Agent Graham instructed me to hold additional evidence for the time being. I understood this instruction to mean that the investigation was active and being carefully managed.

15. I believe Agent Graham is experiencing institutional resistance within the Memphis Field Office connected to the documented involvement of Collierville Police Chief Dale Lane and Shelby County District Attorney Steve Mulroy in the RICO enterprise.

## IV. THE TARGETED VOICEMAIL COMMUNICATION

16. FBI Agent Joe Herman contacted me by telephone at my number (901) 351-6060.

17. This contact was made at the instruction of Collierville Police Chief Dale Lane.

18. I attempted to return Agent Herman's call by contacting the FBI Memphis Field Office at the number provided.

19. Upon calling I reached an automated voicemail system. The automated message contained the following substance:

a. A statement that if I were found to be a threat to myself or anyone else my weapons would be confiscated; and

b. A specific reference to the elder abuse claim I filed on behalf of my mother Mary Page in connection with her Medicare supplement fraud.

20. The reference to Mary Page's specific elder abuse claim in the automated voicemail is not consistent with a standard federal facility safety notice. A standard automated federal voicemail system does not reference specific case filings.

21. The specific reference to Mary Page's elder abuse claim demonstrates that whoever controlled or directed that message had access to:

c. My complete filing history across multiple jurisdictions;

d. The confidential elder abuse claim filed on behalf of Mary Page;

e. Mary Page's Medicare fraud documentation;

f. Information from Case No. 3:23-cv-00851 Middle District of Tennessee; and

g. Information about my weapons ownership.

22. I did not leave a message or provide any statement through the automated system.

## V. EVIDENCE COMPROMISE CONNECTION

23. The specific knowledge of Mary Page's elder abuse claim demonstrated in the voicemail is consistent with the documented evidence compromise that began November 19, 2022 when Acting Civil Chief Kara F. Sweet admitted in her own written correspondence that she had produced my evidence to Bass Berry Sims, counsel connected to parties adverse to me in this matter.

24. The evidence I submitted to Sweet included documentation of Mary Page's Medicare fraud victimization and elder abuse. That evidence was then shared with Bass Berry Sims without my knowledge or consent.

25. The appearance of Mary Page's specific elder abuse claim in the FBI Memphis voicemail completes a documented chain of evidence compromise from my original submission to Sweet through to Chief Lane's direction of Agent Herman's contact.

26. Additionally on November 18, 2022 at 10:18 AM Jorge Molina of Bass Berry Sims requested editor access to my evidence file 'Evans Petree Butler Snow — emails.pdf' via Google Drive stating 'I work with Hannah Webber.' The following day Sweet admitted sharing that evidence. The specific knowledge of Mary Page's case appearing in the voicemail is consistent with this documented evidence dissemination pattern.

## VI. LEGAL SIGNIFICANCE — WITNESS INTIMIDATION AND OBSTRUCTION

27. The targeted voicemail referencing Mary Page's elder abuse claim in connection with a weapons confiscation threat constitutes witness intimidation under 18 U.S.C. § 1512 because:

h. It was directed at a formal federal crime victim who had reported crimes to federal authorities;

i. It specifically referenced a confidential elder abuse claim of a vulnerable elderly victim;

j. It contained a weapons confiscation threat connected to that specific claim;

k. It was directed through a chain of instruction from a law enforcement official connected to the documented RICO enterprise; and

28. This conduct also constitutes retaliation against a witness under 18 U.S.C. § 1513 as it was directed at a person who had provided information to federal law enforcement about federal offenses.

29. Chief Lane's direction of Agent Herman to contact me constitutes obstruction of justice.

30. The targeting of Mary Page's elder abuse claim specifically violates:

l. 34 U.S.C. § 20141 — Crime Victim Rights Act — formally invoked January 17, 2022;

m. 42 U.S.C. § 1397j — Elder Justice Act — protections for elder abuse victims; and

n. Medicare fraud victim protections under 18 U.S.C. § 1347 and 31 U.S.C. § 3729 et seq.

## VII. CONNECTION TO RICO ENTERPRISE AND ACTIVE FEDERAL PROCEEDINGS

31. This witness intimidation incident is directly connected to the interstate RICO enterprise documented in the following active federal proceedings:

o. Case No. 25-11660 — U.S. Bankruptcy Court Western District of Tennessee — In re Apperson Crump PLC — Proof of Claim No. 4-2 — $900,000,000 deemed allowed February 7, 2026;

p. Case No. 1:26-cv-01037 — U.S. District Court Western District of Tennessee — Appeal of bankruptcy dismissal;

q. Case No. 3:23-cv-00851 — U.S. District Court Middle District of Tennessee — Civil rights lawsuit containing elder abuse and witness intimidation allegations — dismissed without written findings;

r. IC3 Complaint Submission ID: e0d3c8f1c709419192a9c00f841004a0 — November 21, 2025;

s. IC3 Update Submission ID: 006b8951633648a597562ae5de26b3a1 — March 17, 2026;

t. FTCA Administrative Claim — filed November 26, 2025 — six month deadline May 26, 2026; and

u. Tyler Sory Federal Indictment — Case No. 2:25-cr-20185-TLP — sex trafficking of a minor — documented co-conspirator.

32. Chief Lane's instruction to Agent Herman to contact me.

33. The Collierville Police Department and Shelby County District Attorney Steve Mulroy are documented as connected to the RICO enterprise. Chief Lane's direction of FBI to contact the victim to intimidate and conceal evidence of the enterprise.

34. The dismissal of Case No. 3:23-cv-00851 containing witness intimidation allegations without written findings constitutes fraud on the court under Federal Rule of Civil Procedure 60(d)(3) to which no statute of limitations applies.

## VIII. REQUESTED ACTION

35. Creditor respectfully requests that this Court accept and enter this Affidavit into the permanent record of Case No. 25-11660.

36. Creditor requests that the United States Trustee Carrie Ann Rohrscheib be served with this Affidavit and that it be coordinated with the FBI criminal referral submitted February 20, 2026.

37. Creditor requests that this Affidavit be transmitted to the FBI Public Corruption Unit in Washington D.C. as this matter involves potential local law enforcement interference and corruption.

38. Creditor requests that the DOJ Public Integrity Section and DOJ Civil Rights Division be notified of the witness intimidation documented herein as it involves a federal crime victim and his elderly mother whose rights were formally invoked under 34 U.S.C. § 20141.

39. Creditor requests that this Affidavit be incorporated into the record supporting the Motion to Reopen Case No. 25-11660 filed concurrently herewith, as the witness intimidation incident further demonstrates the depth and reach of the RICO enterprise that a Chapter 7 trustee must be empowered to investigate.

## DECLARATION

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the United States of America that the foregoing Affidavit is true and correct to the best of my knowledge, information, and belief.

_____     Date: March 19, 2026
**Randel Edward Page, Jr.**
Pro Se Creditor — Case No. 25-11660
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing Affidavit was served via electronic mail and first class mail on the following parties:

**United States Trustee Carrie Ann Rohrscheib**
Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
Carrie.A.Rohrscheib@usdoj.gov

**C. Jerome Teel, Jr.**
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, Tennessee 38305
Jerome@tennesseefirm.com

_____
**Randel Edward Page, Jr.**