UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 19 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

In re:

**APPERSON CRUMP, PLC,**

Debtor.

Case No. 25-11660-JLC     Chapter 11     Hon. Jimmy L. Croom

## SUPPLEMENTAL AFFIDAVIT OF RANDEL EDWARD PAGE, JR.

## IN SUPPORT OF MOTION TO REOPEN CASE AND REQUEST FOR

## INVESTIGATION OF RICO ENTERPRISE AND

## CONTINENTAL CASUALTY COMPANY PROOF OF CLAIM

## PURSUANT TO 11 U.S.C. § 350(b), 18 U.S.C. § 1961,

## AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5010

I, Randel Edward Page, Jr., being duly sworn, depose and state under penalty of perjury as follows:

### I. IDENTITY AND STANDING

1. My name is Randel Edward Page, Jr. My address is 3504 Milford Cove, Collierville, Tennessee 38017. My telephone number is (901) 351-6060 and my email address is randelpage@gmail.com.

2. I am a creditor in the above-captioned case holding Proof of Claim No. 4-2 in the amount of $900,000,000, which was deemed allowed on February 7, 2026 pursuant to Federal Rule of Bankruptcy Procedure 3001(f).

3. I have standing to bring this Supplemental Affidavit as a creditor with a deemed-allowed claim and as a party in interest under 11 U.S.C. § 1109(b).

4. This Affidavit supplements my prior Affidavit in Support of Proof of Claim No. 4-2 executed January 22, 2026 and filed as ECF No. 62, and my Affidavit of Fraud on the Court entered on the docket March 13, 2026.

### II. PURPOSE OF THIS AFFIDAVIT

5. This Affidavit is submitted to:

a. Bring to this Court's attention significant new evidence that has appeared on the docket of this case since the dismissal order of February 17, 2026;

b. Request that this Court reopen this case pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010 for cause including the administration of estate assets and the investigation of fraud;

c.  Request that the United States Trustee investigate the RICO enterprise documented in prior submissions and the Continental Casualty Company Proof of Claim filed as Doc 137 on March 17, 2026;

d.  Supplement the Comprehensive Criminal Referral submitted to the Federal Bureau of Investigation on February 20, 2026 with new documentary evidence appearing in the court record.

## III. PRIOR RECORD IN THIS CASE

6.  The following prior submissions establish the evidentiary foundation for this Affidavit:

e.  Proof of Claim No. 4-2 filed January 8, 2026 — $900,000,000 — deemed allowed February 7, 2026;

f.  Affidavit in Support of Proof of Claim No. 4-2 — ECF No. 62 — January 22, 2026 — 74 numbered paragraphs and 17 sections of evidence;

g.  Letter to United States Trustee Carrie Ann Rohrscheib — January 12, 2026 — requesting investigation of Debtor's fraudulent conduct;

h.  Response in Support of United States Trustee's Motion to Convert — ECF No. 68 — February 13, 2026 — advocating for Chapter 7 conversion;

i.  Affidavit of Fraud on the Court — entered on docket March 13, 2026 — documenting fraudulent bankruptcy proceedings void ab initio;

j.  Comprehensive Criminal Referral to FBI — February 20, 2026 — documenting RICO enterprise, Medicare fraud, and public corruption.

## IV. SIGNIFICANT NEW EVIDENCE — CONTINENTAL CASUALTY COMPANY PROOF OF CLAIM

7.  On March 17, 2026 Continental Casualty Company (CNA) filed a Proof of Claim as Doc 137 in this case. This filing is significant for the following reasons documented in the attached exhibit.

8.  The CNA filing was made:

k.  After the case was dismissed February 17, 2026;

l.  After the claims bar date had expired;

m.  Four days after my Affidavit of Fraud on the Court was entered on the docket March 13, 2026;

n.  By a designated legal specialist at a sophisticated institutional insurer;

o.  Knowing the claim would be rejected as deficient.

9.  The Clerk of the Bankruptcy Court issued a Notice of Deficient Claim on March 17, 2026 confirming: Incorrect Debtor Name; Incorrect Creditor Name; and Case Dismissed 02/17/2026.

10. Despite the certain rejection of their claim, CNA filed Doc 137 permanently placing in this Court's record the following documentary evidence:

p.  Policy Number 0006744407 — Professional Liability coverage;

q.  Policy Term January 1, 2023 through January 1, 2025;

r.  Claim LWA52613: Claimant Davis/Hailey — Loss Date September 14, 2024 — Total Indemnity $150,000 — Deductible Due $50,000 — Paid to Bailey & Greet December 1, 2024;

s.  Claim LWA48639: Claimant Gold Et Al/David A — Loss Date June 16, 2023 — Total Indemnity $35,000 — Deductible Due $15,000 — Paid to Sherry & Michael Compton And Donati Law Pllc October 1, 2024;

t.  Total indemnity paid by CNA: $185,000;

u.  Total unpaid deductibles owed by Debtor to CNA: $65,000.

## V. SIGNIFICANCE OF THE CNA FILING

### A. It Explains The Insurance Gap Cited By The United States Trustee

11. The United States Trustee's Motion to Dismiss or Convert filed January 20, 2026 specifically cited Debtor's inability to obtain malpractice insurance as one of four grounds for cause under 11 U.S.C. § 1112(b).

12. The CNA documents explain precisely why Debtor could not obtain new coverage: CNA coverage expired January 1, 2025; two paid malpractice claims were on record; Debtor owed $65,000 in unpaid deductibles; unpaid deductibles signaled financial distress; and the combination of claims history and financial distress made Debtor uninsurable in the professional liability market.

13. This confirms that Debtor's inability to obtain insurance was directly caused by documented malpractice liability and financial distress — not merely administrative failure.

### B. It Identifies Independent Victims Of Debtor's Misconduct

14. The CNA documents identify two independent malpractice claimants who suffered losses at the hands of Debtor: Davis/Hailey with a loss date of September 14, 2024 resulting in $150,000 in losses; and Gold Et Al/David A with a loss date of June 16, 2023 resulting in $35,000 in losses.

15. These independent victims suffered documented losses during the same period as the RICO enterprise documented in Creditor's prior submissions.

16. These victims have been left without recourse by the dismissal of this case rather than conversion to Chapter 7.

### C. It Demonstrates A Pattern Of Systematic Misconduct

17. The following documented misconduct events now span a four-year period: fraudulent billing statement against Creditor dated June 7, 2021; Gold Et Al malpractice dated June 16, 2023; and Davis/Hailey malpractice dated September 14, 2024.

18. Three separate documented misconduct events involving three separate victims over four years constitutes a pattern of systematic misconduct consistent with RICO predicate acts under 18 U.S.C. § 1961.

**D. It Represents Independent Institutional Corroboration Of Debtor's Fraud**

19. CNA as a sophisticated institutional insurer independently investigated both malpractice claims, found sufficient merit to pay $185,000 in indemnity, chose indemnity only on both claims meaning no defense was attempted, did not renew coverage after January 1, 2025, and filed in a dismissed case to preserve their documentary record.

20. An institutional insurer does not pay $185,000 in malpractice claims without conducting a thorough independent investigation and finding merit in the underlying claims.

21. CNA's payment decisions constitute independent professional judgment by a sophisticated institutional actor that Debtor committed malpractice on at least two separate occasions.

**E. The Timing Of The CNA Filing Is Strategically Significant**

22. CNA filed Doc 137 on March 17, 2026 — four days after Creditor's Affidavit of Fraud on the Court was entered on the docket March 13, 2026.

23. A sophisticated legal specialist at a major institutional insurer would verify case status before filing a proof of claim.

24. The only rational explanation for filing in a dismissed case after the bar date is to preserve documentary evidence in the permanent federal court record — consistent with CNA managing their own legal risk around future litigation arising from Debtor's fraud.

## VI. CONVERGENCE OF INDEPENDENT INSTITUTIONAL ACTIONS

25. This Court's record now reflects four independent institutional actors all taking protective action around Debtor's fraud:

v.   Advocate Capital — abandoned ALL collateral February 10, 2026 — removing themselves from a compromised estate;

w.   United States Trustee — filed motion citing four grounds for cause January 20, 2026 — documenting Debtor's misconduct as a federal official;

x.   Continental Casualty Company — filed post-dismissal proof of claim March 17, 2026 — preserving documentary evidence of $185,000 in malpractice payments;

y.   Professional liability insurance market — refused to write new coverage for Debtor in 2025 — market-wide recognition of uninsurable risk.

26. None of these actions were taken at Creditor's direction. Each represents an independent institutional decision by a sophisticated party that had its own access to information about Debtor's misconduct.

27. The convergence of four independent institutional protective actions around Debtor's fraud constitutes overwhelming corroboration of the fraud allegations documented in Creditor's prior submissions.

## VII. ADDITIONAL VICTIMS

28. Creditor has personal knowledge of additional individuals who experienced misconduct by Debtor during the relevant period.

29. Those individuals are being encouraged to report their experiences independently to the Federal Bureau of Investigation and to file their own proofs of claim in this proceeding if they choose to do so.

30. Their identities are not disclosed herein to protect their privacy pending their independent decision to participate. Their independent reports will provide additional corroboration of the pattern of systematic misconduct documented herein.

## VIII. FBI CRIMINAL REFERRAL CONNECTION

31. The Federal Bureau of Investigation has received: Comprehensive Criminal Referral dated February 10, 2026; Updated Criminal Referral dated February 11, 2026; IC3 Complaint filed November 21, 2025 (Submission ID: e0d3c8f1c709419192a9c00f841004a0); and IC3 Update filed March 17, 2026 (Submission ID: 006b8951633648a597562ae5de26b3a1) referencing Case No. 25-11660 and Case No. 1:26-cv-01037.

32. The FBI's independent review of this Court's docket will reveal Doc 137 and its strategic significance without requiring any additional submission from Creditor.

33. The IC3 update filed March 17, 2026 — the same day as the CNA filing — directs the FBI to the complete court record in Case 25-11660 where Doc 137 now permanently resides.

## IX. REQUEST TO REOPEN CASE PURSUANT TO 11 U.S.C. § 350(b)

34. Under 11 U.S.C. § 350(b) a closed case may be reopened to administer assets, accord relief to the debtor, or for other cause.

35. Under Federal Rule of Bankruptcy Procedure 5010 a case may be reopened on motion of the debtor or other party in interest.

36. Cause exists to reopen this case for the following independent reasons:

z.  The CNA filing reveals previously undocumented estate assets including unencumbered receivables returned to the estate by Advocate Capital's abandonment, potential estate causes of action against Evans Petree PC, Butler Snow LLP, Epic Systems Corporation and others for potential subrogation claims coordinated with CNA, and potential False Claims Act recoveries from Medicare fraud;

aa. Independent malpractice victims Davis/Hailey and Gold Et Al/David A have been left without recourse by the dismissal;

bb. The fraud on the court documented in Creditor's March 13, 2026 Affidavit renders the dismissal void ab initio requiring the Court to address the fraudulent proceedings;

cc. The FBI criminal referral referencing this case number requires the case to remain accessible for investigative purposes;

dd. The United States Trustee's own motion sought conversion not dismissal — the dismissal departed from the government's own recommended remedy without written findings.

## X. REQUEST FOR UNITED STATES TRUSTEE INVESTIGATION

37. Creditor respectfully requests that United States Trustee Carrie Ann Rohrscheib:

ee. Formally investigate the RICO enterprise involving Debtor, Evans Petree PC, Butler Snow LLP, Epic Systems Corporation and others as documented in prior submissions;

ff. Specifically investigate Doc 137 including the timing of the CNA filing relative to the fraud affidavit, the identity and experiences of independent malpractice victims, CNA's internal investigation files regarding both paid claims, and the connection between paid claims and Debtor's inability to obtain new coverage;

gg. Coordinate with FBI Special Agent Cody Graham regarding the criminal referral submitted February 20, 2026;

hh. Reopen the case under 11 U.S.C. § 350(b); and

ii. Consider whether the dismissal rather than conversion constituted an obstruction of legitimate bankruptcy administration.

## XI. PRAYER FOR RELIEF

38. Creditor respectfully requests that this Court:

jj. ACCEPT and enter this Supplemental Affidavit into the permanent record of Case No. 25-11660;

kk. REOPEN this case pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010 for cause including administration of unencumbered estate assets, investigation of fraud on the court, protection of independent malpractice victims, and coordination with the FBI;

ll. Upon reopening APPOINT a Chapter 7 trustee with full statutory authority under 11 U.S.C. § 704(a)(4) to investigate Debtor's financial affairs, pursue estate causes of action against co-conspirators, administer unencumbered receivables, coordinate with FBI investigation, and protect all creditors including independent malpractice victims;

mm.       DIRECT the United States Trustee to investigate the matters described herein and report to the Court; and

nn. GRANT such other and further relief as the Court deems just and proper.

## DECLARATION

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the United States of America that the foregoing Supplemental Affidavit is true and correct to the best of my knowledge, information, and belief, and that all referenced exhibits are true and correct copies of original documents.

_____   Date: March 19, 2026
**Randel Edward Page, Jr.**
Pro Se Creditor — Case No. 25-11660
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing Supplemental Affidavit was served via electronic mail on the following parties:

**United States Trustee Carrie Ann Rohrscheib**
Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
Carrie.A.Rohrscheib@usdoj.gov

**C. Jerome Teel, Jr.**
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, Tennessee 38305
Jerome@tennesseefirm.com

File

_____
**Randel Edward Page, Jr.**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In re:
**APPERSON CRUMP, PLC,**
Debtor.
Case No. 25-11660-JLC    Chapter 11    Hon. Jimmy L. Croom

## EXHIBIT A

**TO SUPPLEMENTAL AFFIDAVIT OF RANDEL EDWARD PAGE, JR.**

**FILED IN CASE NO. 25-11660**

---

**AFFIDAVIT OF RANDEL EDWARD PAGE, JR.**
**REGARDING RETENTION OF EVIDENCE BY ATTORNEYS**
**STEVEN W. PITTMAN AND JEFFERSON DAVIS GILDER**
**AND FAILURE TO RETURN EVIDENCE THUMB DRIVE**

---

**Originally Filed In:**
JUSTICE COURT OF DESOTO COUNTY, MISSISSIPPI
STATE OF MISSISSIPPI
RE: FRAUD AND THEFT OF PROPERTY — RANDEL EDWARD PAGE JR.
*(Prior Record Established With This Court)*

**Date of Affidavit: March 17, 2026**
Notarized: March 17, 2026
Notary Commission Expires: July 1, 2029
Served On United States Trustee Carrie Ann Rohrscheib: March 17, 2026

---

**RELEVANCE TO CASE NO. 25-11660**

This Affidavit is submitted as Exhibit A to the Supplemental Affidavit of Randel Edward Page, Jr. filed in Case No. 25-11660 on March 19, 2026 for the following reasons:

1. **Evidence Suppression Pattern:** Documents the pattern of attorneys receiving Creditor's evidence and failing to act, directly relevant to the obstruction documented in prior submissions.

2. **Smoking Gun Connection:** The thumb drive delivered to Pittman and Gilder contained the fraudulent Apperson Crump billing statement dated June 7, 2021 (Exhibit A to Proof of Claim No. 4-2) — the primary evidence of Debtor's fraud.

3. **Cross-Jurisdictional Record:** This Affidavit was filed in the Justice Court of DeSoto County, Mississippi which has a prior record of the fraud investigation, creating a multi-jurisdictional sworn evidentiary record.

4. **Fraud on the Court Reference:** Paragraph 31(e) of this Affidavit specifically references the Affidavit of Fraud on the Court entered on the docket of Case No. 25-11660 on March 13, 2026, creating a sworn cross-reference between both documents.

5. **DA Morris Suspension:** Paragraph 26 documents that Robert Reid Morris III, BPR Number 018817, the former District Attorney who referred Creditor to Pittman and Gilder, had his Tennessee law license suspended as of December 19, 2025, consistent with the documented pattern of corruption affecting Tennessee-licensed attorneys.

6. **FBI Connection:** Paragraph 35 requests that the DeSoto County record be preserved and made available to the FBI, coordinating the state court record with the federal criminal referral submitted February 20, 2026.

7. **U.S. Trustee Service:** This Affidavit was served on United States Trustee Carrie Ann Rohrscheib on March 17, 2026 as confirmed by the Certificate of Service, placing her on formal notice of the evidence suppression pattern two days before the filing of the Supplemental Affidavit.

---

*The original notarized Affidavit follows this cover page.*

_____  Date: March 19, 2026
**Randel Edward Page, Jr.**
Pro Se Creditor — Case No. 25-11660
3504 Milford Cove, Collierville, Tennessee 38017
(901) 351-6060 | randelpage@gmail.com

IN THE JUSTICE COURT OF DESOTO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

RE: FRAUD AND THEFT OF PROPERTY – RANDEL EDWARD PAGE JR.

(Prior Record Established with This Court)

AFFIDAVIT OF RANDEL EDWARD PAGE, JR.

REGARDING RETENTION OF EVIDENCE BY ATTORNEYS

STEVEN W. PITTMAN AND JEFFERSON DAVIS GILDER

AND FAILURE TO RETURN EVIDENCE THUMB DRIVE

STATE OF MISSISSIPPI

COUNTY OF DESOTO

I, **Randel Edward Page, Jr.**, being duly sworn, do hereby depose and state under penalty of perjury as follows:

## I. IDENTITY AND PURPOSE

1. My name is Randel Edward Page, Jr. My telephone number is (901) 351-6060 and my email address is randelpage@gmail.com.

2. This Affidavit is submitted to the Justice Court of DeSoto County, Mississippi, which has a prior record regarding my fraud investigation. I submit this Affidavit to document the actions of attorneys Steven W. Pittman and Jefferson Davis Gilder of the firm Chatham Gilder Howell Pittman (formerly operating as Pittman & Gilder), who were referred to me by former DeSoto County District Attorney Robert "Bob" Morris and who, after receiving physical evidence from me on a thumb drive, declined to represent me and failed to return the evidence.

3. The facts stated herein are within my personal knowledge and are true and correct to the best of my knowledge, information, and belief.

## II. BACKGROUND: THE UNDERLYING FRAUD INVESTIGATION

4. At the time of the events described herein, I was actively investigating and documenting a coordinated criminal conspiracy involving the theft of my intellectual property — Monorail healthcare analytics technology — valued at $900,000,000.

5. The conspiracy involved multiple Tennessee and Mississippi law firms and healthcare institutions, including Evans Petree PC (Memphis), Butler Snow LLP (Tennessee & Mississippi), and Apperson Crump PLC (Memphis), as well as Baptist Memorial Health Care Corporation, Methodist Health System, Epic Systems Corporation and others.

6. In connection with this investigation, I had compiled substantial documentary evidence, including emails between co-conspirators, a fraudulent NDA produced by Evans Petree PC attorneys Joel Sklar and Julie Wells, a fraudulent billing statement from Apperson Crump PLC dated June 7, 2021, and other materials documenting the conspiracy.

7. This evidence has been confirmed as relevant to active legal proceedings, including: (a) Bankruptcy Case No. 25-11660 in the U.S. Bankruptcy Court for the Western District of Tennessee (In re Apperson Crump PLC), in which I have filed a $900,000,000 Proof of Claim (No. 4-2), deemed allowed as of February 7, 2026; and (b) a comprehensive criminal referral submitted to the FBI.

## III. REFERRAL BY FORMER DESOTO COUNTY DISTRICT ATTORNEY ROBERT MORRIS

8. At or around June 2021, I was in communication with Robert "Bob" Morris, who at that time served as the District Attorney (or was otherwise affiliated with the District Attorney's office) for DeSoto County, Mississippi.

9. On June 29, 2021, I sent an email to Bob Morris at his official email address (rmorris@msda17.com) transmitting materials related to the fraud investigation. The email referenced a CD-ROM labeled "Exhibit 364" that I had received from an attorney named Mr. Heflin, containing a video produced for a meeting at Baptist (Stern Cardiology) and other materials. The email also described materials appearing to contain personal addresses of individuals I suspected were participants in the theft of my property.

10. Mr. Morris was formally on notice of the fraud investigation from at least June 2021 forward. This Court's prior records reflect this communication and the referral that followed.

11. Mr. Morris referred me to attorneys Steven W. Pittman and Jefferson Davis Gilder of the firm then known as Chatham Gilder Howell Pittman, located at 291 Losher Street, Hernando, Mississippi 38632, for the purpose of pursuing civil RICO claims and related legal action arising from the theft of my property.

## IV. RETENTION OF EVIDENCE THUMB DRIVE BY PITTMAN AND GILDER

12. In reliance on Mr. Morris's referral and for the purpose of potential legal representation, I delivered to the law firm of Pittman and Gilder a physical thumb drive (USB storage device) containing my evidence directory relating to the fraud investigation.

13. The thumb drive contained significant original evidence, including documentary materials related to the conspiracy to steal my intellectual property, including

communications between co-conspirators, fraudulent legal documents, and other evidentiary materials compiled in connection with my fraud investigation.

14. Despite receiving this physical evidence, Pittman and Gilder declined to represent me. Jefferson Gilder sent me a declination letter on behalf of the firm. The declination letter was purportedly mailed in August and September 2021.

15. Upon learning that the firm declined representation, I requested that my thumb drive be returned.

16. Steven W. Pittman, by email dated July 1, 2022, responded: "I checked with Jefferson and we do not believe that we have the thumb drive."

17. I responded "Confirmed" to Mr. Pittman's email on July 1, 2022 at 1:48 PM, acknowledging that I had received his denial but preserving the record of the exchange.

18. The thumb drive was never returned to me. As of the date of this Affidavit, the thumb drive and the evidence it contained remain unaccounted for.


## V. THE JUNE 2022 CIVIL RICO INQUIRY TO PITTMAN


19. On June 27, 2022, I contacted Steven W. Pittman by email to inform him that "much has transpired" since our last meeting, that I had the evidence to file a civil RICO case against several parties, and that a criminal investigation was underway. I attached the TBPR File No. 67490-9-ES and asked whether Pittman was interested in revisiting representation.

20. On June 27, 2022, I sent a second email to Pittman asking him to consider also representing my mother, Mary Page, in connection with her Motion to Intervene in the case of Liebman v. Methodist Le Bonheur Healthcare (3:17-cv-00902).

21. On June 28, 2022, Pittman responded that the firm had "already sent [me] a declination letter" and that they "will not be able to assist" with the matter.

22. On June 28, 2022, I requested that Pittman email me a copy of the declination letter. I also made a renewed request for the return of my thumb drive.

23. On July 1, 2022, Pittman provided a copy of the mailed declination letter but stated that the firm did not have the thumb drive.

## VI. STATUS OF ATTORNEYS PITTMAN AND GILDER WITH TBPR

24. Jefferson Davis Gilder, BPR Number 014321, is licensed in Tennessee since 1990, with an Office County of Desoto. As of September 19, 2025, his status with the Tennessee Board of Professional Responsibility was listed as Active, with no public discipline.

25. Steven Wayne Pittman, BPR Number 017139, is licensed in Tennessee since 1995, with an Office County of Desoto. As of September 19, 2025, his status with the Tennessee Board of Professional Responsibility was listed as Active, with no public discipline.

26. Robert Reid Morris III, BPR Number 018817, is licensed in Tennessee since 1997, with an Office County of Desoto. As of December 19, 2025, his status with the Tennessee Board of Professional Responsibility was listed as Suspended.

## VII. SIGNIFICANCE OF THE MISSING EVIDENCE

27. The thumb drive I provided to Pittman and Gilder contained evidence material to active federal legal proceedings, including evidence submitted in connection with my fraud investigation that has since been incorporated into filings before the U.S. Bankruptcy Court for the Western District of Tennessee and federal criminal referral to the FBI.

28. The failure to return this evidence directory is not an isolated matter. It is part of a documented pattern in which attorneys who have received my evidence have either failed to act, declined representation, or in some instances, shared that evidence with opposing parties — as documented by the November 2022 admission of Kara F. Sweet, Acting Civil Chief, U.S. Attorney's Office, Middle District of Tennessee, that she had shared my evidence with Bass Berry Sims.

29. The loss or retention of my thumb drive by Pittman and Gilder constitutes a material harm to my ability to prosecute my claims and preserve the evidentiary record in active federal proceedings.

30. The referral chain — DA Morris to Pittman/Gilder — has a direct bearing on the DeSoto County record in this matter and on the pattern of non-representation by Mississippi- and Tennessee-licensed attorneys that I have documented as a systemic consequence of corruption affecting the Tennessee Board of Professional Responsibility.

## VIII. CONNECTION TO ACTIVE FEDERAL PROCEEDINGS

31. As of the date of this Affidavit, the following federal proceedings are active and directly related to the subject matter of this Affidavit:

**a.** Bankruptcy Case No. 25-11660, In re Apperson Crump PLC, U.S. Bankruptcy Court, Western District of Tennessee: Proof of Claim No. 4-2 in the amount of $900,000,000 was deemed allowed on February 7, 2026.

**b.** On February 10, 2026, the bankruptcy court entered an Order (Doc 65) granting Advocate Capital, Inc. relief from the automatic stay and abandoning ALL collateral, returning all client matter receivables to the bankruptcy estate.

**c.** On February 20, 2026, I filed a Comprehensive Criminal Referral with the FBI.

**d.** Co-conspirator Tyler Sory has been federally indicted for sex trafficking of a minor: Case 2:25-cr-20185-TLP.

**e.** On March 13, 2026, an Affidavit of Fraud on the Court was entered on the record Bankruptcy Case No. 25-11660.

32. This Court's record regarding the fraud, established through my communications, is relevant to and consistent with the federal record now compiled in connection with these proceedings.

## IX. REQUESTED ACTION

33. I respectfully request that the Justice Court of DeSoto County, Mississippi, accept and incorporate this Affidavit into its existing record regarding the fraud referenced herein.

34. I further respectfully request that this Court take whatever action it deems appropriate regarding the failure of attorneys Pittman and Gilder to return the evidence thumb drive I provided to them in connection with a potential legal engagement.

35. I request that this Affidavit and the underlying record be preserved and made available to the FBI.

## DECLARATION

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the United States of America and the State of Mississippi that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: 3-17-2026

**Randel Edward Page, Jr.**

Pro Se Claimant / Federal Creditor - Case No. 25-11660

3504 Milford Cove, Collierville, Tennessee 38017

(901) 351-6060 | randelpage@gmail.com

Subscribed and sworn to before me this 17th day of March, 2026.



Notary Public

My Commission Expires: July 1, 2029

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, a true and correct copy of the foregoing Affidavit was provided to the Justice Court of DeSoto County, Mississippi, and served on the following:

Carrie Ann Rohrscheib, Trial Attorney

Office of the United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103

Carrie.A.Rohrscheib@usdoj.gov


C. Jerome Teel, Jr.

Teel & Gay, PLC

79 Stonebridge Blvd., Suite B

Jackson, Tennessee 38305

Jerome@tennesseefirm.com


**File**

**Randel Edward Page, Jr.**