UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 2 6 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>APPERSON CRUMP, PLC,<br><br>Debtor. | Case No. 25-11660-JLC<br>Chapter 11<br>Hon. Jimmy L. Croom<br><br>**CREDITOR'S NOTICE OF FILING OF FILE-STAMPED STATE COURT DOCUMENT AND NOTICE OF AMERICAN EXPRESS NATIONAL BANK FRAUD INVESTIGATION** |

## CREDITOR'S NOTICE OF FILING OF FILE-STAMPED STATE COURT DOCUMENT
## AND NOTICE OF AMERICAN EXPRESS NATIONAL BANK FRAUD INVESTIGATION

*AS ADDITIONAL EVIDENCE IN SUPPORT OF MOTION TO REOPEN*

## I. INTRODUCTION

COMES NOW Randel Edward Page, Jr. ("Creditor"), proceeding pro se, a creditor in the above-captioned case holding Proof of Claim No. 4-2 in the amount of $900,000,000, deemed allowed February 7, 2026, and respectfully submits this Notice of Filing pursuant to the Court's inherent authority to maintain an accurate and complete record of proceedings affecting this bankruptcy estate.

Creditor files herewith, as Exhibit A, a file-stamped copy of Creditor's Notice of Material Development filed in Shelby County General Sessions Court, Civil Warrant No. 2305024, American Express National Bank v. Randel Edward Page, Jr., on March 26, 2026. That document is incorporated herein by reference.

| **CORE NOTICE** | American Express National Bank — a Plaintiff in a separate state court collection proceeding — has formally launched an internal fraud investigation into the account at issue in that proceeding. That account and the fraud upon it are directly connected to the RICO enterprise documented in Creditor's prior submissions in this bankruptcy case. |
|---|---|

## II. AMERICAN EXPRESS NATIONAL BANK FRAUD INVESTIGATION — SUMMARY

### A. The State Court Proceeding

American Express National Bank filed Civil Warrant No. 2305024 in Shelby County General Sessions Court against Creditor, seeking to collect a balance on account ending in 7007. Creditor filed an Affidavit of Fraud on the Court in that proceeding on March 9, 2026, documenting four independent acts of fraud perpetrated upon the General Sessions Court's process, including a materially false sworn affidavit submitted by American Express as the evidentiary foundation of the collection claim.

### B. American Express Launches Formal Fraud Investigation

On March 25, 2026, Michelle S. Moghadam, Esq. of Zwicker & Associates, P.C. — Plaintiff's counsel in Civil Warrant No. 2305024 — contacted Creditor by telephone and advised that American Express National Bank has formally launched an internal fraud investigation in connection with that proceeding and the account ending in 7007.

Ms. Moghadam requested that Creditor provide documentation to support American Express's fraud investigation. Creditor transmitted a formal fraud investigation summary by certified mail on March 25, 2026 (USPS Tracking No.: 9589 0710 5270 2996 4437 52), directing American Express's investigators to this Court's docket — specifically ECF Nos. 62, 65, 68, 137, 140, 141, 142, and 143 — as the complete evidentiary record of the connected RICO enterprise.

The state court hearing has been continued from March 26, 2026 to June 25, 2026 at 1:30 PM to allow American Express's fraud investigation to proceed.

### C. Connection to This Bankruptcy Estate

The fraud on Creditor's American Express account is directly connected to the RICO enterprise and bankruptcy fraud scheme documented in Creditor's prior submissions in this case:

- **The fraudulent charges placed on Creditor's American Express account by identified co-conspirators (Collin Johnson and Kevin Jones) were part of the same debt-manufacturing strategy employed by Apperson Crump PLC in its fraudulent billing statement of June 7, 2021 — Exhibit A to Creditor's Proof of Claim No. 4-2.**
- **American Express's process was weaponized as an instrument of the RICO enterprise to draw Creditor into the Shelby County court system through a collection action on fraudulent debt — part of the broader conspiracy to overwhelm Creditor's financial resources and impair his ability to pursue the $900,000,000 IP theft claims.**
- **American Express's fraud investigation summary directed their investigators to this Court's docket and specifically identified the Apperson Crump bankruptcy estate, the deemed-allowed $900M Proof of Claim, the CNA proof of claim (ECF Doc 137), and the Advocate Capital collateral abandonment (ECF Doc 65) as the evidentiary foundation for the fraud investigation.**
- **American Express's fraud team has been directed to coordinate with FBI Special Agent Cody Graham at the Memphis Field Office regarding the active criminal referral filed February 20, 2026.**

## III. SIGNIFICANCE AS ADDITIONAL EVIDENCE IN SUPPORT OF MOTION TO REOPEN

Creditor's pending Motion to Reopen this case pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010 is supported by the convergence of independent institutional actors each taking protective action around the fraud documented in this estate. American Express's formal fraud investigation is the most recent and fifth such independent institutional action:

| # | INSTITUTIONAL ACTOR | ACTION | DATE |
|---|---|---|---|
| 1 | Advocate Capital, Inc. (Secured Lender) | Abandoned ALL collateral under 11 U.S.C. § 554 — exited the estate entirely | February 10, 2026 ECF Doc 65 |
| 2 | United States Trustee Carrie Ann Rohrscheib | Filed Motion to Dismiss or Convert citing four grounds for cause under 11 U.S.C. § 1112(b) including inability to obtain malpractice insurance | January 20, 2026 ECF Doc 53 |
| 3 | Professional Liability Insurance Market | Refused to write new coverage for Debtor in 2025 — market-wide recognition of uninsurable risk | 2025 (Multiple carriers) |
| 4 | Continental Casualty Company (CNA) | Filed Proof of Claim post-dismissal to preserve $185,000 in paid malpractice indemnity documentary record; Bond Counsel Katherine Freeman engaged regarding subrogation partnership | March 17, 2026 ECF Doc 137 |
| 5 | American Express National Bank | Formally launched internal fraud investigation into account ending 7007 — the same | March 25, 2026 Civil Warrant No. 2305024 |

| # | INSTITUTIONAL ACTOR | ACTION | DATE |
|---|---------------------|--------|------|
| | | account weaponized as part of the RICO enterprise. Hearing continued to June 25, 2026. | |

None of these five institutional actions were taken at Creditor's direction. Each represents an independent decision by a sophisticated party with its own access to information, its own legal counsel, and its own financial stake in the outcome. The convergence of five independent institutional protective actions around Debtor's fraud constitutes overwhelming corroboration of the fraud allegations documented in Creditor's prior sworn submissions.

This Court dismissed the case on February 17, 2026. At that time, the record reflected three independent institutional actions. Since dismissal, two additional independent institutional actors — CNA and American Express — have each taken formal investigative action. The post-dismissal record has grown stronger, not weaker. This is cause to reopen the case under 11 U.S.C. § 350(b).

## IV. NOTICE TO PARTIES

The filing of this Notice and the attached Exhibit A will be electronically served on all parties registered on CM/ECF in Case No. 25-11660, including:

- United States Trustee Carrie Ann Rohrscheib (carrie.a.rohrscheib@usdoj.gov)
- C. Jerome Teel, Jr. — Counsel for Debtor Apperson Crump PLC (bankruptcy@tennesseefirm.com)
- Advocate Capital, Inc. — Austin McMullen, Bradley Arant Boult Cummings LLP (amcmullen@bradley.com)
- Bertis Echols — Evans Petree PC — Counsel for Poplar Corridor Investments LLC (bechols@evanspetree.com)
- All other creditors registered on CM/ECF

Creditor notes for the record that Bertis Echols of Evans Petree PC — a named co-conspirator in the RICO enterprise documented in Creditor's prior submissions — is a registered CM/ECF participant in this case and will receive electronic notice of this filing. This is consistent with the documented pattern of Evans Petree's involvement in these proceedings.

## V. REQUEST

Creditor respectfully requests that this Court:

- **Accept and enter this Notice of Filing and the attached Exhibit A into the permanent record of Case No. 25-11660;**
- **Consider American Express National Bank's formal fraud investigation as additional independent institutional corroboration of the RICO enterprise and fraud documented in Creditor's prior submissions;**
- **Consider this Notice as additional evidence in support of Creditor's pending Motion to Reopen this case pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010; and**
- **Direct the United States Trustee to take note of American Express's fraud investigation and coordinate with the FBI criminal referral (filed February 20, 2026) in evaluating the estate's causes of action against the co-conspirators.**

---

## VI. DECLARATION

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the United States of America that the foregoing Notice is true and correct to the best of my knowledge, information, and belief, and that the attached Exhibit A is a true and correct copy of the file-stamped Notice of Material Development filed in Shelby County General Sessions Court on March 26, 2026.

Randel Edward Page, Jr.

Pro Se Creditor — Case No. 25-11660

Proof of Claim No. 4-2 — $900,000,000 — Deemed Allowed February 7, 2026

3504 Milford Cove, Collierville, Tennessee 38017

(901) 351-6060 | randelpage@gmail.com

Date: March 26, 2026

---

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, a true and correct copy of the foregoing Notice of Filing and attached Exhibit A was served via electronic mail on the following parties:

United States Trustee Carrie Ann Rohrscheib

Office of the United States Trustee, Region 8

200 Jefferson Avenue, Suite 400

Memphis, Tennessee 38103

Carrie.A.Rohrscheib@usdoj.gov

C. Jerome Teel, Jr.
Teel & Gay, PLC
79 Stonebridge Blvd., Suite B
Jackson, Tennessee 38305
Jerome@tennesseefirm.com

_____

Randel Edward Page, Jr.

---

# EXHIBIT A

## File-Stamped Notice of Material Development

*Shelby County General Sessions Court*
*Civil Warrant No. 2305024 — American Express National Bank v. Randel Edward Page, Jr.*
*Filed: March 26, 2026*

# STATE OF TENNESSEE
## SHELBY COUNTY GENERAL SESSIONS COURT

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK, Plaintiff, <br><br> v. <br><br> RANDEL EDWARD PAGE, JR. a/k/a RAND PAGE, Defendant. | Civil Warrant No. 2305024 <br><br> **DEFENDANT'S NOTICE OF MATERIAL DEVELOPMENT** <br><br> *Filed: March 26, 2026* <br> *Hand Delivered to Clerk's Office* |

# DEFENDANT'S NOTICE OF MATERIAL DEVELOPMENT

COMES NOW Defendant Randel Edward Page, Jr., proceeding pro se, and respectfully submits this Notice of Material Development to inform this Court of significant events that have occurred since the originally scheduled hearing date of March 26, 2026, which are directly relevant to the status of this proceeding.

Defendant submits this Notice in the interest of full transparency to the Court and to ensure the record of these proceedings accurately reflects the current posture of this matter. Three federal court documents are attached as Exhibits A, B, and C and incorporated herein by reference.

## I. MATERIAL DEVELOPMENT NO. 1 — AMERICAN EXPRESS NATIONAL BANK HAS FORMALLY LAUNCHED A FRAUD INVESTIGATION INTO THE ACCOUNT AT ISSUE IN THIS PROCEEDING



**KEY DEVELOPMENT** — American Express National Bank has formally launched an internal fraud investigation into account ending 7007 — the same account that is the basis of Plaintiff's collection claim in Civil Warrant No. 2305024.

### A. The Communication from Plaintiff's Counsel

On March 25, 2026, Michelle S. Moghadam, Esq. of Zwicker & Associates, P.C. — counsel of record for Plaintiff American Express National Bank in this proceeding — contacted Defendant by telephone. During that call, Ms. Moghadam advised Defendant that American Express National Bank has formally launched a fraud investigation in connection with Case No. 2305024 and the account ending in 7007.

GENERAL SESSIONS CIVIL
MAR 26 '26 09:11

Ms. Moghadam requested that Defendant provide information and documentation to support American Express's fraud investigation. Defendant agreed to cooperate and provided a formal fraud investigation summary document, transmitted by certified mail on March 25, 2026.

| CERTIFIED MAIL | American Express Fraud Investigation Summary transmitted to Michelle S. Moghadam, Esq., Zwicker & Associates, P.C., 5409 Maryland Way, Suite 310, Brentwood, TN 37027. USPS Certified Mail Tracking No.: 9589 0710 5270 2996 4437 52. Date of mailing: March 25, 2026. |
|---|---|

## B. Legal Significance of American Express's Fraud Investigation

The formal launch of an internal fraud investigation by American Express National Bank into the account that forms the basis of this collection action is a material development for the following reasons:

- **American Express's own fraud investigation confirms Defendant's communication pre-suit fraud report, submitted to American Express prior to the filing of Civil Warrant No. 2305024, which forms the basis of Defendant's objection to the balance being collected in this proceeding.**
- **American Express cannot simultaneously investigate whether the charges on this account are fraudulent and maintain a collection action on those same charges. The fraud investigation fundamentally compromises the legal basis of the collection claim before this Court.**
- **Plaintiff's counsel, Zwicker & Associates, P.C., is now acting in a dual capacity — as collection counsel prosecuting this civil warrant and as the conduit for American Express's fraud investigation. This dual role is documented in the record.**
- **The fraud on Defendant's American Express account is part of a coordinated RICO enterprise documented in active federal proceedings. See Exhibits A, B, and C attached hereto.**

## C. Federal Court Corroboration — Exhibits A, B, and C

The following three federal court documents are attached as exhibits to this Notice and incorporated herein by reference. Each document is publicly accessible on PACER at www.pacer.gov under Case No. 25-11660, U.S. Bankruptcy Court, Western District of Tennessee:

| EXHIBIT | ECF REFERENCE | DATE | SIGNIFICANCE |
|---|---|---|---|
| Exhibit A | Doc 65, Case 25-11660 | February 10, 2026 | Order: Advocate Capital, Inc. abandons ALL collateral — Apperson Crump's secured lender exits immediately after Defendant's $900M claim became deemed allowed. Confirms fraud-tainted estate. |

| EXHIBIT | ECF REFERENCE | DATE | SIGNIFICANCE |
|---|---|---|---|
| Exhibit B | Doc 137, Case 25-11660 | March 17, 2026 | CNA (Continental Casualty Company) Proof of Claim: $185,000 in paid malpractice indemnity; $65,000 in unpaid deductibles. Filed post-dismissal to preserve documentary record. Independent institutional corroboration of Apperson Crump's fraud. |
| Exhibit C | Proof of Claim No. 4-2 Case 25-11660 | Filed Jan. 8, 2026 Deemed Allowed Feb. 7, 2026 | Defendant's $900,000,000 Proof of Claim deemed allowed by operation of law — no party objected within the 30-day period under FRBP 3001(f). Establishes Defendant's standing as a federal creditor. |

## II. MATERIAL DEVELOPMENT NO. 2 — HEARING RESCHEDULED TO JUNE 25, 2026

| NEW HEARING DATE | Civil Warrant No. 2305024 — Hearing continued from March 26, 2026 to June 25, 2026 at 1:30 PM — Shelby County General Sessions Court. |
|---|---|

Defendant notifies this Court that the hearing in this matter, originally scheduled for March 26, 2026, has been rescheduled and continued to June 25, 2026 at 1:30 PM. This rescheduling was communicated by Plaintiff's counsel Michelle S. Moghadam, Esq. of Zwicker & Associates, P.C. during the March 25, 2026 telephone call referenced in Section I above.

Defendant respectfully requests that this Court confirm the June 25, 2026 hearing date in its records and that this Notice be made a part of the permanent record of this proceeding.

## III. MATERIAL DEVELOPMENT NO. 3 — CLERK TAMI SAWYER NOTIFIED

On March 25, 2026, Defendant notified Clerk Tami Sawyer of this Court of the American Express fraud investigation and the rescheduling of the March 26 hearing to June 25, 2026, via email to gsclerk@shelbycountytn.gov.

Defendant further notified Clerk Sawyer on March 23, 2026 that Zwicker & Associates had been served with the Affidavit of Fraud on the Court on March 3, 2026, and that Zwicker & Associates had not responded to the Affidavit or provided any correspondence regarding the upcoming hearing as of that date.

## IV. CONNECTED FEDERAL PROCEEDINGS — FOR THE COURT'S RECORD

Defendant respectfully notifies this Court that the following active federal proceedings are directly connected to this matter:

| PROCEEDING | RELEVANCE TO THIS MATTER |
| --- | --- |
| In re Apperson Crump PLC Case No. 25-11660 (W.D. Tenn. Bankr.) Appeal: Case No. 1:26-cv-01037 (W.D. Tenn.) | The fraudulent American Express debt is part of the same RICO enterprise documented in this bankruptcy record. Defendant holds a $900,000,000 deemed-allowed Proof of Claim. See Exhibits A, B, and C. |
| FBI Comprehensive Criminal Referral Filed February 20, 2026 IC3 Update: March 17, 2026 | Active federal criminal referral covering the RICO enterprise, IP theft, Medicare fraud, bankruptcy fraud, and witness intimidation including the fraud on Defendant's American Express account. |
| CNA / Continental Casualty Company Parallel Fraud Investigation Katherine Freeman, AVP & Bond Counsel | CNA is conducting a parallel investigation. CNA paid $185,000 in malpractice indemnity on Apperson Crump claims. See Exhibit B. CNA's subrogation targets overlap with the co-conspirators responsible for the Amex fraud. |
| FTCA Administrative Claim Filed November 24, 2025 | Six-month exhaustion period expires May 24, 2026. Federal civil action eligible upon expiration. |

## V. REQUEST

Defendant respectfully requests that this Court:

- **Accept and enter this Notice of Material Development and all attached Exhibits into the permanent record of Civil Warrant No. 2305024;**
- **Confirm the June 25, 2026 hearing date at 1:30 PM in the Court's official records;**
- **Take note of American Express National Bank's formal fraud investigation into the account at issue in this proceeding as a material development affecting the status of the collection claim;**
- **Consider the attached federal court exhibits — Exhibits A, B, and C — as corroborating evidence of the RICO enterprise documented in Defendant's Affidavit of Fraud on the Court (March 9, 2026); and**
- **Preserve all prior filings in this matter as part of the permanent record accessible to federal law enforcement.**

## VI. DECLARATION

I, Randel Edward Page, Jr., declare under penalty of perjury under the laws of the State of Tennessee and the United States of America that the foregoing Notice of Material Development is true and correct to the best of my knowledge, information, and belief, and that the attached Exhibits A, B, and C are true and correct copies of federal court documents filed in Case No. 25-11660, U.S. Bankruptcy Court, Western District of Tennessee.

_____

Randel Edward Page, Jr., Pro Se Defendant

3504 Milford Cove, Collierville, Tennessee 38017

(901) 351-6060 | randelpage@gmail.com

Date: March 26, 2026

---

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, a true and correct copy of the foregoing Notice of Material Development, together with Exhibits A, B, and C, was hand delivered to the Shelby County General Sessions Court Clerk's Office, and served on Plaintiff's counsel of record via electronic mail:

Michelle S. Moghadam, Esq.

Zwicker & Associates, P.C.

5409 Maryland Way, Suite 310

Brentwood, Tennessee 37027

tennesseelitigation@zwickerpc.com

_____

Randel Edward Page, Jr.

## STATE OF TENNESSEE

### SHELBY COUNTY GENERAL SESSIONS COURT

*American Express National Bank v. Randel Edward Page, Jr.*
*Civil Warrant No. 2305024*

# EXHIBIT INDEX

*To Defendant's Notice of Material Development — March 26, 2026*

| EXHIBIT | DOCUMENT TITLE | DATE / ECF NO. | SIGNIFICANCE |
|---|---|---|---|
| A | Order Granting Motion for Relief from Stay and Abandonment — Advocate Capital, Inc. abandons ALL collateral | February 10, 2026 ECF Doc 65 Case 25-11660 | Apperson Crump's secured lender abandoned all collateral three days after Defendant's $900M claim became deemed allowed. Confirms the fraud-tainted nature of the bankruptcy estate and the RICO enterprise documented in Defendant's Affidavit of Fraud on the Court. |
| B | Continental Casualty Company (CNA) Proof of Claim — Professional Liability — $185,000 indemnity paid; $65,000 deductible owed | March 17, 2026 ECF Doc 137 Case 25-11660 | CNA, as Apperson Crump's professional liability insurer, independently paid $185,000 in malpractice indemnity and filed this claim post-dismissal to preserve documentary evidence. Independent institutional corroboration by a sophisticated insurer of Apperson Crump's fraudulent conduct. |
| C | Proof of Claim No. 4-2 — Randel Edward Page, Jr. — $900,000,000 — Deemed Allowed February 7, 2026 | Filed January 8, 2026 Deemed Allowed February 7, 2026 ECF No. 62 Case 25-11660 | Defendant's $900,000,000 claim against Apperson Crump PLC was deemed allowed by operation of law under FRBP 3001(f) after no party filed an objection within the 30-day period. Establishes Defendant as a federal creditor in an active federal proceeding directly connected to the fraud at issue in this civil warrant. |

*All exhibits are federal court documents publicly accessible via PACER at www.pacer.gov*
*Case No. 25-11660 — U.S. Bankruptcy Court, Western District of Tennessee*

## EXHIBIT A

**Order Granting Motion for Relief from Stay and Abandonment**

Date: February 10, 2026

Court Reference: ECF Doc 65 — Case No. 25-11660 — U.S. Bankruptcy Court, W.D. Tenn.

Advocate Capital, Inc. — Apperson Crump's secured lender — abandoned ALL collateral under 11 U.S.C. § 554, including all client matters, accounts receivable, and rights to receive payment for legal services. This order was entered three days after Defendant's $900,000,000 Proof of Claim became deemed allowed on February 7, 2026. A secured lender's abandonment of all collateral in a law firm bankruptcy is extraordinary and confirms that the collateral was tainted by fraud.

**Dated: February 10, 2026**
**The following is SO ORDERED:**

_____
Jimmy L. Croom
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **APPERSON CRUMP, PLC,** | ) | **Case No. 25-11660** |
| | ) | |
| Debtor. | ) | **Hon. Jimmy L. Croom** |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY AND ABANDONMENT

This matter is before the Court on the Motion (the "Motion") of Advocate Capital, Inc.

("Advocate" or "Movant"), for relief from the automatic stay and abandonment pursuant to 11

U.S.C. § 362(d) and § 554, with respect to the following collateral (the "Collateral") as provided

in the Movant's loan documents with the Debtor:

> All accounts, instruments, chattel paper, general intangibles, payment intangibles (all as defined in Article 9 of the Code), and all similar rights that Borrower may have of every nature and kind, including specifically and without limitation, all of Borrower's rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, and all other rights and interest that Borrower may have in and with respect to each and every Client Matter.

- 1 -

4921-7186-4456.2

The Court having reviewed the Motion, and it appearing to the Court that proper and sufficient notice of the Motion has been provided, that there is no opposition to the Motion or that any opposition has been withdrawn or overruled, and that cause exists to grant the relief requested in the Motion, it is hereby ORDERED:

1.　　The Motion is GRANTED.

2.　　Advocate is hereby granted relief from the automatic stay with respect to the Collateral pursuant to 11 U.S.C. § 362(d).

3.　　The Collateral is hereby abandoned pursuant to 11 U.S.C. § 554.

4.　　The relief granted by this Order shall be effective immediately notwithstanding the provisions of Rule 4001(a)(4), Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.

Respectfully submitted for entry,

/s/ *Austin L. McMullen*
Roger G. Jones (BPR #011550)
Austin L. McMullen (BPR #020877)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Phone: (615) 252-2307
amcmullen@bradley.com

*Attorneys for Advocate Capital, Inc.*

-2-

4921-7186-4456.2

## EXHIBIT B

**Continental Casualty Company (CNA) — Proof of Claim**

Date: March 17, 2026

Court Reference: ECF Doc 137 — Case No. 25-11660 — U.S. Bankruptcy Court, W.D. Tenn.

CNA / Continental Casualty Company filed this Proof of Claim for $65,000 in unpaid deductibles after having paid $185,000 in malpractice indemnity on two separate Apperson Crump professional liability claims: (1) Claim LWA52613 — Claimant Davis/Hailey — Loss date September 14, 2024 — $150,000 indemnity paid; (2) Claim LWA48639 — Claimant Gold Et Al/David A — Loss date June 16, 2023 — $35,000 indemnity paid. CNA filed this claim in a dismissed case after the bar date specifically to preserve its documentary evidence in the permanent federal court record. An institutional insurer does not pay $185,000 in malpractice indemnity without independently investigating and finding merit in the underlying claims.

**Fill in this information to identify the case:**

Debtor 1    APPERSON CRUMP DUZANE & MAXWELL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: WESTERN DISTRICT OF TENNESSEE ▼

Case number  25-11660

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED

MAR 1 7 2026

TRAVIS D. GREEN
CLERK OF COURT
WESTERN DISTRICT OF TENN.

## Official Form 410
# Proof of Claim
04/25

Read the Instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:  Identify the Claim

**1. Who is the current creditor?**

APPERSON CRUMP PLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

CONTINENTAL CASUALTY COMPANY
Name

23453 NETWORK PLACE
Number        Street

CHICAGO          IL          60673
City              State          ZIP Code

Contact phone 407-804-5852

Contact email deborah.branham@cna.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City              State          ZIP Code

Contact phone

Contact email

Uniform claim identifier (if you use one):

— —— — —— — — — — — — — — — — — — — — — — —— — —— — —— — —

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                      Proof of Claim                      page 1

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. How much is the claim?   $_____65,000.00__. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

THIRD PARTY DEDUCTIBLE PREMIUM

9. Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/10/2026
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name    DEBRA K BRANHAM
        First name          Middle name          Last name

Title   LEGAL SPECIALIST

Company CNA
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address 500 COLONIAL CENTER PARKWAY 3RD FLOOR
        Number        Street
        LAKE MARY                          FL          32746
        City                               State       ZIP Code

Contact phone   407-804-5852        Email deborah.branham@cna.com

## EXHIBIT C

### Proof of Claim No. 4-2 — Randel Edward Page, Jr. — $900,000,000

Date: Filed January 8, 2026 — Deemed Allowed February 7, 2026

Court Reference: ECF No. 62 (Supporting Affidavit) — Case No. 25-11660 — U.S. Bankruptcy Court, W.D. Tenn.

Defendant filed Proof of Claim No. 4-2 in the amount of $900,000,000 against Apperson Crump PLC on January 8, 2026, based on fraud, civil rights violations, conspiracy, theft of property, and willful and malicious injury. The 30-day objection period expired February 7, 2026 without any objection being filed by the Debtor, the United States Trustee, or any other party in interest. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), the claim is deemed allowed and constitutes prima facie evidence of the validity and amount of the claim. This establishes Defendant as a $900,000,000 federal creditor in an active federal proceeding directly connected to the fraud at issue in Civil Warrant No. 2305024.

**Fill in this information to identify the case:**

Debtor 1    APPERSON CRUMP PLC ET AL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Western District of Tennessee

Case number   25-11660

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

RANDEL EDWARD PAGE JR
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   RAND PAGE

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Randel Edward Page Jr.
Name

3504 Milford Cove
Number    Street

Collierville          TN          38017
City          State          ZIP Code

Contact phone   901-351-6060

Contact email   randelpage@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City          State          ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.   Claim number on court claims registry (if known) 4

Filed on   01/05/2026
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.   Who made the earlier filing? _____

Official Form 410                         Proof of Claim                         page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|--------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

❑ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __1__ __6__ __6__ __7__

**7. How much is the claim?** $ _____900,000,000.00_____ . **Does this amount include interest or other charges?**

☑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Conspiracy, Civil rights violations, Intentional infliction distress

**9. Is all or part of the claim secured?**

☑ No

❑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

☑ Other. Describe:   MIPS – see exhibit 2

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ 900,000,000.00

Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured: $ 900,000,000.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ 900,000,000.00

Annual Interest Rate (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

☑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ **Yes.** *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(10) that applies. | $___900,000,000.00 |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/08/2026
                   MM / DD / YYYY

_Randel E. Page Jr._
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Randel Edward Page Jr. | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 3504 Milford Cove | | |
| | Number        Street | | |
| | Collierville | TN | 38017 |
| | City | State | ZIP Code |
| Contact phone | 901-351-6060 | Email | randelpage@gmail.com |

Official Form 410                     **Proof of Claim**                     page 3